Michele Ballard Miller (SBN 104198)
   mbm@millerlawgroup.com
Lisa C. Hamasaki (SBN 197628)
   lch@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
500 Sansome Street, Suite 400
San Francisco, CA 94111
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
THE HERSHEY COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LUCHETTI,<br><br>       Plaintiff,<br><br>v.<br><br>THE HERSHEY COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>       Defendants. | Case No.: CV 08-1629 JCS<br><br>**DEFENDANT THE HERSHEY COMPANY'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT** |

Defendant THE HERSHEY COMPANY (hereafter "Defendant"), a Delaware Corporation, hereby answers Plaintiff LARRY LUCHETTI'S Verified Complaint (hereafter "Complaint"), as follows:

Defendant generally denies each and every allegation in the Complaint, except those expressly admitted below.

1.      Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits that this is an action filed by the Plaintiff LARRY LUCHETTI ("Plaintiff"), that Plaintiff was an employee of Defendant, and that the Complaint purports to allege that Plaintiff's termination from employment gives rise to claims. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 1.

2.      Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits that the Complaint contains only one cause of action for Wrongful Termination in Violation of Public Policy, asserting that the public policy is prescribed by California Labor Code § 1102.5.

3.      Answering Paragraph 3 of Plaintiff's Complaint, Defendant admits that Plaintiff last worked for Defendant in Berkeley, California which is within Alameda County. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 3.

4.      Answering Paragraph 4 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information regarding whether Plaintiff was, and still is, a citizen of the United States, whether he did, or continues to, reside in Mill Valley, California, and/or whether he is 61 years of age and on that basis, denies those allegations.

5.      Answering Paragraph 5 of Plaintiff's Complaint, Defendant admits that The Hershey Company is a corporation incorporated in the state of Delaware and that its headquarters is located at 100 Crystal Drive, Hershey, Pennsylvania 17033-0810. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 5.

6.      Answering Paragraph 6 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information regarding Plaintiff's claims to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in Paragraph 6.

7.      Answering Paragraph 7 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information regarding Plaintiff's claims to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in Paragraph 7.

8.      Answering Paragraph 8 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

9.      Answering Paragraph 9 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information regarding Plaintiff's claims and/or the meaning of the sentence "[u]nless otherwise indicated, each Defendant is sued as the agent and employee of every other Defendant acting within the course and scope of said agency, and/or employment, and with the knowledge and consent of ever [sic] other Defendant" to form a belief as to the truth of those allegations, and on that basis denies each and every such allegation. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 9.

10.     Answering Paragraph 10 of Plaintiff's Complaint, Defendant admits that Plaintiff began working for Defendant as a Production Supervisor at its Joseph Schmidt Plant, located in San Francisco, California and that he later worked for Defendant at its Scharffen Berger Plant located in Berkeley, California. Defendant further admits that Plaintiff's employment was terminated effective May 11, 2007 and that, at the time of his

1 termination, Plaintiff's annual salary was $69,000.  Except as expressly admitted herein,
2 Defendant denies each and every allegation contained in Paragraph 10.

4       11.    Answering Paragraph 11 of Plaintiff's Complaint, Defendant denies
5 each and every allegation contained therein.

7       12.    Answering Paragraph 12 of Plaintiff's Complaint, Defendant is without
8 sufficient knowledge and information regarding Plaintiff's claims to form a belief as to the
9 truth of the allegations contained in this paragraph, and on that basis denies each and every
10 allegation contained therein.  Moreover, to the extent that Paragraph 12 purports to set forth
11 the meaning or applicability of California Labor Code Section 6310(b), Defendant avers that
12 Section 6310(b) speaks for itself.

14       13.    Answering Paragraph 13 of Plaintiff's Complaint, Defendant is without
15 sufficient knowledge and information regarding Plaintiff's claims or his post-employment
16 conduct to form a belief as to the truth of the allegations contained in this paragraph, and on
17 that basis denies each and every allegation contained therein.

19       14.    Answering Paragraph 14 of Plaintiff's Complaint, Defendant
20 incorporates by reference its responses to Paragraphs 1 through 13, above.

22       15.    Answering Paragraph 15 of Plaintiff's Complaint, Defendant denies
23 each and every allegation contained therein.

25       16.    Answering Paragraph 16 of Plaintiff's Complaint, Defendant denies
26 each and every allegation contained therein.  Further, Defendant denies that Plaintiff is
27 entitled to the relief he seeks therein.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein. Further, Defendant denies that Plaintiff is entitled to the relief he seeks therein.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein. Further, Defendant denies that Plaintiff is entitled to the relief he seeks therein.

19. Answering Plaintiff's Prayer for Relief, including Paragraphs 1 through 8 of that section of Plaintiff's Complaint, Defendant denies that Plaintiff was injured or damaged in any sum, or at all.

## **AFFIRMATIVE DEFENSES**

For and as a separate and affirmative defense to each and every claim for relief set forth in the Complaint, Defendant alleges as follows:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

20. Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Statute of Limitations)**

21. Plaintiff's claims are barred by the applicable statutes of limitations including, but not limited to, those limitations set forth in California Code of Civil Procedure

section 335.1 and California Labor Code section 98.7 (as well as any other statutes that might include applicable time bars).

### THIRD AFFIRMATIVE DEFENSE
### (Exhaustion of Administrative Remedies)

22. Plaintiff has failed to exhaust his administrative remedies, the exhaustion of which is a condition precedent to the maintenance of his cause of action.

### FOURTH AFFIRMATIVE DEFENSE
### (Good Faith / Legitimate Business Reasons)

23. All employment decisions made by Defendant that affected Plaintiff were made without malice, in good faith and for legitimate business reasons.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

24. Plaintiff, by his acts and omissions, has waived and is estopped and barred from alleging the matters set forth in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE
### (Doctrine of Unclean Hands)

25. Defendant alleges that Plaintiff is barred from any relief by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

26. Plaintiff's Complaint should be barred by the doctrine of laches because Plaintiff has unreasonably delayed in bringing his action against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

27. Any recovery on Plaintiff's Complaint, or on the purported cause of action alleged therein, is barred to the extent that Plaintiff consented to any of the activities and/or conduct alleged therein.

## NINTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

28. If Plaintiff has suffered any physical and/or emotional injury, such physical and/or emotional injury was not proximately caused by the actions of Defendant or anyone acting on Defendant's behalf.

## TENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

29. If Plaintiff has suffered physical and/or emotional injury related to his employment with Defendant, his exclusive remedy for such injury is provided by California Labor Code section 3200, *et. seq*.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

30. Plaintiff has failed to mitigate damages alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
## (After Acquired Evidence)

31. Any recovery on Plaintiff's Complaint, or the purported cause of action alleged therein, is barred to the extent that the Defendant has discovered, or will discover, additional evidence indicating that Plaintiff has engaged in conduct before or while employed by Defendant that precludes or limits his assertion of the claims for relief and/or damages presented therein.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Avoidable Consequences)

32. Plaintiff is barred from any recovery because Defendant had in place and implemented, in good faith, policies, procedures and other measures that reasonably should have prevented the retaliation he alleges, and Plaintiff unreasonably failed to invoke those measures or take other corrective actions to stop the alleged conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (Failure to State a Claim – Punitive Damages)

33. Plaintiff's Complaint fails to state a claim sufficient to sustain an award of punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff Not Entitled to Punitive Damages)

34. Defendant cannot be held liable for punitive damages because, at the time of the alleged acts giving rise to Plaintiff's claim for punitive damages, Defendant had implemented one or more policies prohibiting the alleged acts and/or otherwise made good faith efforts to comply with applicable law.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Vexatious Claim)

35. Plaintiff's maintenance of this action is without foundation, vexatious, and unreasonable, entitling Defendant to an award of attorneys' fees in the matter.

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise or supplement this Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study.

THEREFORE, Defendant demands judgment in its favor, costs of suit, and attorneys' fees, and all other proper relief.

Dated: March 31, 2008

MILLER LAW GROUP
A Professional Corporation

By: _____//S//_____
Lisa C. Hamasaki
Attorneys for Defendant
THE HERSHEY COMPANY

## VERIFICATION

I, CINDI CERES, am the HR Manager for Artisan Confections Company, a wholly owned subsidiary of The Hershey Company, a party to this action, and am authorized to make this verification on behalf of The Hershey Company. I have read the foregoing Defendant The Hershey Company's Answer to Plaintiff's Verified Complaint ("Answer") and know its contents. I am informed and believe and on that ground allege that the matters stated in the Answer are true.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 31 of March, 2008 at San Francisco.

_____
CINDI CERES

*Miller Law Group, A Professional Corporation, Larkspur, California*

VERIFICATION
Case No.: CV 08-1629 JCS