Michele Ballard Miller (SBN 104198)
   mbm@millerlawgroup.com
Lisa C. Hamasaki (SBN 197628)
   lch@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
500 Sansome Street, Suite 400
San Francisco, CA 94111
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
THE HERSHEY COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LUCHETTI, | Case No.: CV 08-1629 SI |
| Plaintiff, | **DEFENDANT THE HERSHEY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT** |
| v. | |
| THE HERSHEY COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive, | Judge: Hon. Susan Illston<br>Date: Friday, June 6, 2008<br>Time: 9:00 a.m.<br>Ctrm: SF Courtroom 10, 19th Floor |
| Defendants. | |

---

**DEFENDANT THE HERSHEY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
**Case No.: CV 08-1629 SI**

# TABLE OF CONTENTS

I.   INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED ..............................1

II.  FACTUAL BACKGROUND .................................................................................................2

   A. Plaintiff Mailed The Summons And Complaint On February 7, 2008, And Asked Hershey To Agree To Accept Service Pursuant To California Code Of Civil Procedure Section 415.30. ..................................................................................................2

   B. As Plaintiff Requested, Hershey Completed Service On February 26, 2008 By Signing The Acknowledgment Of Receipt Per CCP Section 415.30. ......................3

   C. After Hershey Filed For Removal On March 26, 2008, Plaintiff Moved To Remand, Claiming That By Granting Plaintiff's Request To Accept Service Via CCP 415.30, Hershey Had Lost Its Chance To Remove. ...............................................................4

III. LEGAL ANALYSIS ..............................................................................................................6

   A. Hershey's Removal Was Timely. .....................................................................................6

      1. Hershey Properly Removed This Matter Within 30 Days After Service Was Complete. ....................................................................................................................6

      2. Having Chosen To Serve Hershey Pursuant To CCP Section 415.30, Plaintiff   Is Estopped From Arguing That Hershey's Removal Was Untimely. .............................7

   B. Moreover, Plaintiff Did Not Effect Service Of Hershey Pursuant To CCP 415.40, And Therefore The Certified Mailing Did Not Trigger The Removal Period. ................9

      1. Plaintiff's Failure To Serve The Documents On Someone Authorized To  Accept Service For Hershey Renders The Allegedly Attempted Certified Mail Service Ineffective. .................................................................................................................9

      2. The Evidence Demonstrates That Plaintiff Did Not Intend To Serve Hershey Via Certified Mail And That Plaintiff's Motion To Remand Is Therefore Made In Bad Faith. ........................................................................................................................11

IV. CONCLUSION ....................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*City of Clarksdale v. Bellsouth Telecommunications*, 428 F.3d 206 (5th Cir. 2005) ............... 7

*Cmiech v. Electrolux*, 520 F. Supp. 2d 671 (M.D. Pa. 2007) .................................................. 7

*Dill v. Berquist Construction Co.*, 24 Cal. App. 4th 1426 (1994) ....................................... 9, 11

*Fristoe v. Reynolds Metals*, 615 F.2d 1209 (9th Cir. 1980) ..................................................... 8

*Holmes v. PHI Service C.,* 437 F. Supp. 2d 110 (D.D.C. 2006) ............................................ 10

*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*, 526 U.S. 344 (1999)*.* ......................... 7

*Pochiro v. Prudential Insurance*, 827 F.2d 1246 (9th Cir. 1987) .......................................... 10

*Staples v. Joseph Morton Co.*, 444 F. Supp 1312 (E.D. N.Y. 1978) ...................................... 8

*Transport Indemnity Co. v. United States*, 339 F. Supp. 405 (C.D. Cal. 1972) ...................... 8

**Statutes**

28 U.S.C. § 1446(b) ................................................................................................... 4, 6, 8

Cal. Code Civ. Proc. § 415.40 ....................................................................................... passim

Cal. Code Civ. Proc. § 416.10 ......................................................................................... 9, 11

Fed. R. Civ. Proc. 11(c)(3) ................................................................................................ 5, 13

Cal. Code Civ. Proc. § 415.30 ....................................................................................... passim

## I. INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

Rather than raising any substantive basis for opposing removal, Plaintiff Larry Luchetti seeks remand on one procedural ground, claiming Defendant The Hershey Company's ("Hershey's") removal of this matter was untimely. To create the appearance of untimeliness, Plaintiff tries to pull a "bait and switch." First, Plaintiff expressly served the Summons and Complaint pursuant to Section 415.30 of the California Code of Civil Procedure ("CCP") rendering service complete on February 26, 2008 when Hershey's outside counsel signed the "Acknowledgment of Receipt." Now, Plaintiff claims that, despite his express representations otherwise, service was actually effected 10 days earlier under the certified mail service provisions of CCP Section 415.40 because he sent the "Notice and Acknowledgment of Receipt" by certified mail. According to Plaintiff, this revised service date means that Hershey's petition for removal was filed 10 days too late. Not surprisingly, Plaintiff's attempt to change the rules mid-game lacks any legal support.

Even looking beyond this apparent trickery, Plaintiff did not even satisfy CCP Section 415.40's certified mail provisions. For service on Hershey to be complete under CCP Section 415.40, the mail must have been sent to one of a short list of high level Hershey employees, or someone else authorized by Hershey to receive service of process on its behalf. Here, Plaintiff mailed the documents to Christopher M. Scalia, a Hershey employee who does not fit the requisite bill. Although Plaintiff now claims that Mr. Scalia's authority to accept correspondence establishes he was authorized to accept service, his claims are not only bereft of legal support, but are belied by his counsel's words and actions.

Plaintiff asked Hershey to accept service under CCP Section 415.30, and Hershey complied. Hershey should not be penalized for its compliance, and Plaintiff should not be rewarded for trying to pull this bait and switch. Hershey respectfully asks this Court to deny Plaintiff's Motion to Remand, and to exercise its authority to pursue sanctions *sua sponte*.

1

**DEFENDANT THE HERSHEY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
Case No.: CV 08-1629 SI

## II. FACTUAL BACKGROUND

**A. Plaintiff Mailed The Summons And Complaint On February 7, 2008, And Asked Hershey To Agree To Accept Service Pursuant To California Code Of Civil Procedure Section 415.30.**

On February 7, 2008, Plaintiff sent Christopher M. Scalia, labor counsel for Hershey, a letter by email and certified mail enclosing, among other things, a CCP Section 415.30 "Notice and Acknowledgment of Receipt" Judicial Council form, a Summons, and a Complaint regarding Plaintiff's lawsuit against Hershey.[1] (Declaration of Christopher M. Scalia in Opposition to Plaintiff's Motion to Remand ("Scalia Decl.") at ¶¶ 6-7, Exhibit C (Mr. Bartley's letter dated February 6, 2008 to Hershey's Christopher M. Scalia) and Exhibit D (the enclosed CCP Section 415.30 "Notice and Acknowledgment of Receipt" Judicial Council form).) The enclosure letter states, "I am hoping you are willing to accept service and toward that end will execute and return the enclosed Notice and Acknowledgment of Receipt." (Scalia Decl. at ¶ 7, Exhibit C.) The Notice and Acknowledgment of Receipt form, in turn, states that:

(1) the Summons and Complaint "are being served pursuant to section 415.30 of the California Code of Civil Procedure";

(2) Hershey's failure to complete and return the form within 20 days from the date of mailing would subject Hershey to "liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law"; and

(3) "service … is deemed complete on the day you sign the acknowledgment of receipt below."

(Scalia Decl. at ¶ 7, Exhibit D.) Although the February 7 letter and its enclosures were sent by certified mail, nothing on the face of the letter indicates that the documents were being

---

[1] Although Mr. Bartley's letter enclosing these documents is dated February 6, 2008, it was actually sent via email and certified mail on February 7, 2008. (*See* Scalia Decl. at ¶¶ 6-7, Exhibits B-C; Declaration of Daniel R. Bartley in Support of Plaintiff's Motion to Remand ("Bartley Decl.") at ¶ 4, Exhibit C.) For ease of reference, the letter shall be referred to herein as the February 7 letter.

served via certified mail. (Scalia Decl. at ¶¶ 6-8, Exhibit C.) Moreover, the documents were not accompanied by a proof of service indicating service by certified mail. (Scalia Decl. at ¶ 8.) Based on the manner in which the documents were delivered to Mr. Scalia, Mr. Scalia understood that they were being served via CCP Section 415.30, and that service would be effective once the Notice and Acknowledgment had been signed. (Id.) [2]

### B.  As Plaintiff Requested, Hershey Completed Service On February 26, 2008 By Signing The Acknowledgment Of Receipt Per CCP Section 415.30.

Hershey referred Plaintiff's Complaint to outside counsel, Miller Law Group, and Hershey authorized Miller Law Group to submit to Plaintiff's request to accept service under CCP Section 415.30. (Declaration of Michele Ballard Miller in Opposition to Plaintiff's Motion to Remand ("Miller Decl.") at ¶ 3; *see also* Scalia Decl. at ¶ 9.) Accordingly, on February 26, 2008, 19 days after Plaintiff mailed the Acknowledgment of Receipt to Mr. Scalia, Hershey's outside counsel served an executed Acknowledgment of Receipt. (Scalia Decl. at ¶ 9, Exhibit E (Acknowledgment of Receipt executed by Miller Law Group on Hershey's behalf); Miller Decl. at ¶ 3, Exhibit A.)

On March 17, 2008, apparently unaware that Hershey's outside counsel had already returned the executed Acknowledgment of Receipt, Plaintiff's counsel e-mailed Hershey's outside counsel, urging her to execute the Acknowledgment "to avoid incurring the expense of personal service upon your client's management or registered agent." (Miller Decl. at ¶ 4, Exhibit B.) Hershey's outside counsel promptly responded by informing Plaintiff's counsel that the executed Acknowledgment had already been sent to him. (Miller Decl. at ¶ 4, Exhibit C.)

---

[2] Plaintiff's February 7, 2008 email states he is attaching "courtesy PDF copies of a self-explanatory letter and documents" pertaining to Plaintiff's lawsuit. (Scalia Decl. ¶ 6, Exhibit B.) Given that the letter and documents referenced only one method of service – i.e., service via CCP Section 415.30 effective upon execution of the Notice and Acknowledgment – Mr. Scalia reached the only logical conclusion.

C. **After Hershey Filed For Removal On March 26, 2008, Plaintiff Moved To Remand, Claiming That By Granting Plaintiff's Request To Accept Service Via CCP 415.30, Hershey Had Lost Its Chance To Remove.**

On March 26, 2008, 29 days after service was complete under CCP Section 415.30, Hershey filed for removal under 28 U.S.C. §1446(b). (Miller Decl. at ¶ 4; Scalia Decl. at ¶ 10.) In response, Plaintiff opined that Hershey's removal was untimely. (Bartley Decl. at ¶ 5, Exhibit D (Plaintiff's April 2, 2008 e-mail to Lisa Hamasaki at Miller Law Group).) Specifically, Plaintiff claimed that because the CCP Section 415.30 "Notice and Acknowledgment of Receipt" Judicial Council form and accompanying documents were served by certified mail, CCP Section 415.40 deemed that service was effective on February 16, 2008, 10 days after Plaintiff placed the items in the mail.[3] (Id.) According to Plaintiff, Hershey's time to remove expired 30 days later, on March 17, 2008. (Id.) Plaintiff therefore asked Hershey to stipulate to remand the matter to state court. (Id.)

Hershey responded through its outside counsel by explaining the obvious: service was not effected under CCP Section 415.40 because, among other things (1) the documents expressly provided that they were being served under CCP Section 415.30, making service effective on February 26, 2008, the date Hershey executed the Acknowledgement of Receipt, and (2) for certified mail service to be effective under CCP Section 415.40, the items must be directed to a certain select group of Company representatives, and the employee to whom the items were directed (Mr. Scalia) was not a member of that group and was not otherwise authorized to accept service of process.[4] (Miller Decl. at ¶ 7.) Hershey's counsel further explained that since service was not effected

---

[3] The timeline set forth in Mr. Bartley's April 2, 2008 email presumes that Mr. Bartley sent his letter via certified mail on February 6. As set forth previously, the letter was actually mailed on February 7, 2008. (Bartley Decl. at ¶ 4, Exhibit C.)

[4] In fact, The Hershey Company does have an agent for service of process in California – CT Corporation System. (Scalia Decl. at ¶ 2; Declaration of Burton H. Snyder in Opposition to Plaintiff's Motion to Remand ("Snyder Decl.") at ¶ 3.)

4
**DEFENDANT THE HERSHEY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
**Case No.: CV 08-1629 SI**

1  until February 26, Hershey's removal 29 days later on March 26, 2008 was timely.  (Id.)

3  In response, Plaintiff agreed to look for authority to support his position that service was effected pursuant to CCP Section 415.40 on February 16, 2008 and agreed to engage in further discussions prior to filing a motion to remand.  (Miller Decl. at ¶ 7.)  Rather than doing as he said, Plaintiff filed the instant motion on April 25, 2008.  Not surprisingly, Plaintiff's motion fails to cite *any supporting authority* other than the removal statute's 30-day removal deadline, and CCP Section 415.40's provision that out-of-state parties may be served via certified mail.  Remarkably, Plaintiff's motion claims that even though his February 7, 2008 mailing expressly provided that service would be complete under CCP Section 415.30 once Hershey signed and returned the Notice of Acknowledgment, his counsel actually "intended [the certified mail correspondence of February 7, 2008] to constitute service of process via certified mail under California law." (Bartley Decl. at ¶ 4.)

15  In a further attempt to prevent waste of judicial resources, Hershey tried to resolve the matter by continuing the meet and confer efforts.  The next work day, Hershey's outside counsel sent Plaintiff a letter reiterating Hershey's position, stating that his bait and switch claim that service expressly sought under CCP Section 415.30 was actually effected under CCP Section 415.40 is bereft of any supporting authority and belied by Plaintiff's own actions.  Hershey further explained that if Plaintiff would not agree to withdraw his motion, Hershey would seek sanctions for his vexatious and bad faith conduct, both pursuant to the Court's inherent power and Rule 11 of the Federal Rules of Civil Procedure.  (Miller Decl. at ¶ 9, Exhibit C (Ms. Miller's April 28, 2008 letter to Mr. Bartley).)

25  Plaintiff responded in writing the next day, refusing to abandon his remand motion.  (Miller Decl. at ¶ 10, Exhibit D (Mr. Bartley's April 29, 2008 letter to Ms. Miller).)  Strikingly, Mr. Bartley's April 29, 2008 letter *flatly contradicts his sworn declaration statement* that he intended his February 7, 2008 mailing to constitute service of process via certified mail

5

pursuant to CCP Section 415.40.  Indeed, Mr. Bartley's April 29, 2008 letter admits that on February 7, 2008 he did not even know Hershey could be served via certified mail – he did not discover that certified mail service on Hershey was possible *until after* March 17, 2008, the date he now claims Hershey's right to remove lapsed.  (Id.)  Specifically, Mr. Bartley admits:

> I became aware of the fact that there had been completed service of process only when, subsequent to my March 17, 2008 e-mail to you, I carefully reviewed the California law on service of process.  Specifically, I was surprised to realize that, under Cal. Code Civ. P. § 415.40, no signed acknowledgement of receipt is necessary – all that is necessary is that the service upon the out-of-state defendant be via certified mail. . . .

Given that Mr. Bartley did not learn that service could be completed by certified mail until after March 17, 2008, Plaintiff could not possibly have intended to complete service by certified mail on February 7, thus casting doubt on the veracity of his declaration statement.  (*See* Bartley Decl. at ¶ 4.)

Moreover, as with all his prior communications and pleadings, Plaintiff failed to cite any legal authority to support his theory that Mr. Scalia's authority to receive mail established that Mr. Scalia was authorized to accept service on Hershey's behalf.

### III.   LEGAL ANALYSIS

**A.   Hershey's Removal Was Timely.**

**1.   Hershey Properly Removed This Matter Within 30 Days After Service Was Complete.**

Under 28 U.S.C. §1446(b), a defendant who wishes to remove a matter from state court to federal court must do so within 30 days. 28 U.S.C. §1446(b).  As the United States Supreme Court has made clear, the time for removing cases is triggered by *formal* service.

6

1 *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*, 526 U.S. 344, 347-48 (1999). That is, the timeliness of removal turns on when, if at all, service was effected. *Id.*; *see also City of Clarksdale v. Bellsouth Telecommunications*, 428 F.3d 206, 210 (5th Cir. 2005). Because the date of service is something determined by state law, the 30-day federally mandated period for filing the notice of removal is measured from the service date according to state law. *Murphy Bros.*, 526 U.S. at 352-53; *see also City of Clarksdale,* 428 F.3d at 210-11.

Having served his Summons and Complaint on Hershey "pursuant to section 415.30 of the California Code of Civil Procedure" [Scalia Decl. at ¶¶ 6-8, Exhibits C-D], the 30 day removal period began running when service was deemed complete under that section. Section 415.30 provides "[s]ervice of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Code Civ. Proc. § 415.30. Because Hershey's outside council executed the Acknowledgment of Receipt on February 26, 2008, and served it by fax and mail that same day [Scalia Decl. at ¶ 9, Exhibit E], Hershey had until March 27, 2008 to file for removal. *See Cmiech v. Electrolux*, 520 F. Supp. 2d 671, 673-75 (M.D. Pa. 2007) (denying plaintiffs' motion to remand, finding that where the plaintiffs sent the complaint to defense counsel with an enclosure letter inquiring if counsel would accept service on his client's behalf, and a form for the attorney's acceptance of service, service was not complete until counsel agreed to accept service on the client's behalf). Therefore, Hershey's March 26, 2008 removal was timely.

**2. Having Chosen To Serve Hershey Pursuant To CCP Section 415.30, Plaintiff Is Estopped From Arguing That Hershey's Removal Was Untimely.**

Because Plaintiff purported to seek service via CCP Section 415.30, notified Hershey that service would be "deemed complete on the day you sign the acknowledgment of receipt," and asked Hershey to accept service by executing the Acknowledgment form

7

**DEFENDANT THE HERSHEY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
**Case No.: CV 08-1629 SI**

[Scalia Decl. at ¶¶ 6-8, Exhibits C-D], Plaintiff is now estopped from arguing that Hershey's removal was untimely. *See Staples v. Joseph Morton Co.*, 444 F. Supp 1312, 1314 (E.D.N.Y. 1978) (the 30-day removal time limit imposed by 28 USC § 1446(b) may be waived or barred by estoppel); *see also Transport Indemnity Co. v. United States*, 339 F. Supp. 405, 417 (C.D. Cal. 1972) (recognizing that "certain conduct on the part of the Plaintiff . . . does preclude the Plaintiff from objecting to a late removal petition"), and *Fristoe v. Reynolds Metals*, 615 F.2d 1209, 1212-13 (9th Cir. 1980) ("[a]lthough the time limit is mandatory . . . a party may waive the defect or be stopped from objecting to the untimeliness by sitting on his rights").

*Staples* is particularly instructive. In that case, the defendant decided not to remove the action to federal court in reliance on the plaintiff's planned discontinuance of his action. Upon learning that the plaintiff had changed his mind, deciding instead to proceed with his action against the defendant, the defendant removed the matter to federal court. Because more than 30 days had lapsed, the plaintiff moved to remand the matter, claiming the removal was untimely. The *Staples* court found that the plaintiff was estopped from avoiding removal based on the delay that the plaintiff himself had induced. The court subtracted the reliance period, and ultimately found that the defendant had timely filed his petition for removal. *Staples*, 444 F. Supp at 1314.

Likewise, here Hershey relied on Plaintiff's representation that service was being effected under CCP Section 415.30, and filed for removal within 30 days after the date Plaintiff said service would be complete. Whether by design or by accident, Plaintiff baited Hershey into believing service would not be effective until it signed the Acknowledgment of Receipt, and then argued that service was actually complete 10 days earlier. Having induced Hershey's reliance that service was effected under CCP Section 415.30, Plaintiff must be estopped from claiming that Hershey's removal was untimely because of that reliance.

B.  **Moreover, Plaintiff Did Not Effect Service Of Hershey Pursuant To CCP 415.40, And Therefore The Certified Mailing Did Not Trigger The Removal Period.**

1.  **Plaintiff's Failure To Serve The Documents On Someone Authorized To Accept Service For Hershey Renders The Allegedly Attempted Certified Mail Service Ineffective.**

Although Plaintiff correctly asserts that CCP Section 415.40 provides that an out-of-state corporation may be served via certified mail, his claim that service on Mr. Scalia satisfied the requirements for certified mail service of process is incorrect. Indeed, the California Code of Civil Procedure restricts the persons to whom certified service must be directed in order to be effective. In particular, in order for service of an out-of-state corporate defendant to be effective under Section 415.40, the summons and complaint must comply with CCP Section 416.10's requirements for service on a corporation. *Dill v. Berquist Construction Co.*, 24 Cal. App. 4th 1426, 1434-36 (1994). The pertinent provisions of CCP Section 416.10, in turn, mandate that in order for service on a corporation to be effective, the service must be directed to one of the following:

> the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

CCP § 416.10(b); *Dill*, 24 Cal. App. 4th at 1436 ("in order to serve a corporate defendant by mail at an address outside the state pursuant to section 415.40, a plaintiff must mail the summons to a person to be served on behalf of the corporation, i.e., to one of the individuals specified in section 416.10").

Moreover, Plaintiff is the one who bears the burden of proving that the February 7, 2008 certified mailing satisfied the requirements of CCP Section 416.10. *Dill,* 24 Cal. App. 4th at 1439-41. Plaintiff's motion does not even cite to CCP Section 416.10, much less prove that the February 7, 2008 certified mailing to Mr. Scalia satisfied the requirements of

that section. Indeed, Plaintiff cannot establish his burden of proof because Mr. Scalia, the in-house labor lawyer to whom Plaintiff's February 7, 2008 mailing was directed, does not fall within the category of individuals suitable to accept service of process for Hershey. (Scalia Decl. at ¶¶ 2-3; Snyder Decl. at ¶ 3.) Specifically, Mr. Scalia is not: the president, chief executive officer, or other head of the corporation; a vice president; a secretary or assistant secretary; a treasurer or assistant treasurer; a controller or chief financial officer; a general manager; or otherwise authorized to accept service of Plaintiff's complaint on Hershey's behalf. (Id.)

Because Mr. Scalia was not authorized to accept service of Plaintiff's complaint on Hershey's behalf, service was not effective 10 days after Plaintiff mailed his February 7 package – *even if he did so by certified mail* – and therefore did not trigger the beginning of the 30-day removal period. *See Holmes v. PHI Service C.,* 437 F. Supp. 2d 110, 115-17 (D.D.C. 2006) (denying the plaintiff's motion to remand, finding that certified mail service on an Associate General Counsel who's declaration indicated she was not authorized to accept service on the corporate defendant's behalf was not effective, and therefore did not trigger the 30-day removal period); *Pochiro v. Prudential Insurance*, 827 F.2d 1246, 1348-49 (9th Cir. 1987) (affirming denial of remand, finding that service on a company's attorney who is not authorized to accept service does not trigger the 30-day period).

Pointing to Mr. Scalia's October 30, 2007 letter asking Plaintiff to "correspond" with him in the future [Bartley Decl. at ¶¶ 3, 6-7, Exhibit B], Plaintiff claims that Mr. Scalia's authority to receive *mail* establishes that Mr. Scalia is authorized to accept *service of process* on behalf of Hershey. Plaintiff's argument defies logic – nowhere in that letter is there any reference to service of process or any suggestion that Mr. Scalia was then, or ever has been, authorized to receive service of process on behalf of the Company. Plaintiff's argument also defies the law – authority to receive correspondence does not, as a matter of law, equate to being "authorized by the corporation to receive service of process"

as required by CCP Section 416.10. *Dill*, 24 Cal. App. 4th at 1438 ("the fact that a person is authorized to receive mail on behalf of a corporation . . . does not mean that the same person is authorized by the corporation to accept service of process").

As Mr. Scalia was not authorized to accept service on Hershey's behalf, Plaintiff's certified mailing did not trigger the 30-day removal period.

**2.     The Evidence Demonstrates That Plaintiff Did Not Intend To Serve Hershey Via Certified Mail And That Plaintiff's Motion To Remand Is Therefore Made In Bad Faith.**

Not only is Plaintiff's claim that he properly served Hershey under CCP Section 415.40 unsupported by the law, but Plaintiff's claim that he *intended* to effect service under CCP Section 415.40 is belied by Plaintiff's own words and actions:

- If Plaintiff sought to serve Hershey by certified mail under CCP Section 415.40, and expected service to be complete 10 days after the February 7 mailing, why did Plaintiff send Mr. Scalia a notice expressly informing him that the Company was being served "pursuant to section 415.30 of the California Code of Civil Procedure" and that "service [would be] deemed complete on the day you sign the acknowledgment of receipt below"? (Scalia Decl. at ¶¶ 6-7, Exhibits C and D.)

- If Plaintiff sought to serve Hershey by certified mail under CCP Section 415.40, and expected service to be complete 10 days after the February 7 mailing, why did Plaintiff's counsel send his March 17, 2008 e-mail to Hershey's outside counsel urging her to accept service via the CCP Section 415.30 Acknowledgment of Receipt form "to avoid incurring the expense of personal service upon your client's management or registered agent"? (Miller Decl. at ¶ 4, Exhibits B and C.)

- If Plaintiff intended to serve Hershey by certified mail under CCP Section 415.40, why did he not just address the mailing to one of the appropriate individuals designated in Section 416.10 – indeed, their identities are readily available on the Internet, and Plaintiff had already mailed items to several of Hershey's corporate officers. (Bartley Decl. ¶ 2, Exhibit A.)

- If Plaintiff thought Mr. Scalia was authorized to accept service of process and that service would automatically become effective 10 days after the February 7 mailing, why did Plaintiff's February 7 letter say he *hoped* Mr. Scalia would accept service by executing and returning the Acknowledgment of Receipt?

- If Plaintiff intended to serve the items by certified mail, then why didn't Plaintiff include a certified mail proof of service with his February 7 correspondence?

The obvious answer to all of these questions is that Plaintiff *did not* seek to serve Hershey by certified mail service under CCP Section 415.40. In fact, Plaintiff *could not* have intended service pursuant to Section 415.40, because Plaintiff's counsel did not even know it was possible to serve an out-of-state corporation by certified mail until *five weeks after* he sent the February 7 mailing. (Miller Decl. at ¶ 10, Exhibit D.) The fact that Plaintiff's counsel filed a declaration stating that he "intended [the certified mail correspondence of February 7, 2008] to constitute service of process via certified mail under California law" [Bartley Decl. at ¶ 4] underscores Plaintiff's bait and switch tactics and demonstrates that the Motion to Remand is frivolous and is being pursued in bad faith.

In short, if, as Plaintiff's counsel alleges in his declaration, he intended to serve Hershey via certified mail, then his February 7 correspondence purporting to seek service via CCP Section 415.30 amounts to deceptive gamesmanship – baiting Hershey into believing service would not be effective until execution of the Acknowledgment of Receipt – while intending all along to argue that service was actually complete 10 days earlier. On the other hand, if, as Plaintiff claims in his April 29, 2008 letter, Plaintiff's counsel did not even know certified mail service was possible until after March 17, 2008, then counsel's Declaration contains untrue statements. Whether Plaintiff seeks to avoid removal through trickery (in the first scenario) or lies (in the second), either method demonstrates bad faith,

1 and is therefore grounds for both denying Plaintiff's motion, and exercising the Court's
2 authority to pursue sanctions *sua sponte*.  Fed. R. Civ. Pro. 11(c)(3).[5]

### IV.    CONCLUSION

Plaintiff's only argument in support of remand is that because Hershey relied on Plaintiff's express assurance that the Summons and Complaint were being served pursuant to CCP Section 415.30, Hershey's removal was untimely.  Plaintiff should not be permitted to "bait" Hershey into believing that service was being effected through CCP Section 415.30's Acknowledgment of Receipt provisions, and then "switch" to claiming that service was really being effected under CCP Section 415.40.  Moreover, even if Plaintiff did intend to serve Hershey pursuant to CCP Section 415.40 – which is doubtful given his written admissions to the contrary – Plaintiff cannot meet his burden of proving that he satisfied the requirements for serving out-of-state corporate defendants.  For all the reasons stated herein, Hershey respectfully asks the Court to deny Plaintiff's Motion to Remand, and exercise its discretion to pursue sanctions for Plaintiff's disingenuous pursuit of this frivolous motion *sua sponte*.

Dated:  May 16, 2008                          MILLER LAW GROUP
                                              A Professional Corporation


                                              By:_____/S/_____
                                                  Lisa C. Hamasaki
                                                  Attorneys for Defendant
                                                  THE HERSHEY COMPANY

---

[5] As Hershey has already informed Plaintiff, it is contemplating filing a sanctions motion.