1  Daniel Robert Bartley, SBN 79586
2  Daniel Robert Bartley Law Offices
   Mail:  P.O.  Box 686, Novato, CA 94948-0686
3  St:  7665 Redwood Bvd, Ste 200, Novato, CA 94945-1405
   Tel 415 898 4741 • Fax 415 898 4841
4  E-mail danielbartleylaw@aol.com

5
   Attorney for Plaintiff Larry Luchetti
6

7

8              UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10  LARRY LUCHETTI,                    |  Case No. CV 08 1629 SI
11                                     |
              Plaintiff,               |  **DECLARATION OF PLAINTIFF'S**
12  v.                                 |  **ATTORNEY DANIEL R. BARTLEY IN**
                                       |  **OPPOSITION TO DEFENDANT'S MOTION**
13                                     |  **FOR SANCTIONS**
    THE HERSHEY COMPANY, a             |
14  Delaware corporation, and DOES 1   |
    through 100, inclusive,            |  Judge:  Hon. Susan Illston, U.S. District Judge
15                                     |  Date:   Friday, June 6, 2008
                                       |  Time:   9:00 A.M.
16              Defendants.            |  Ctrm:   SF Courtroom 10, 19th Floor
17  _____   |

18       The undersigned, Daniel R. Bartley, under penalty of perjury under the laws of the United

19  States and the State of California, declares the following to be true, to be facts of which I have
20
    personal knowledge, and to be facts to which I am willing and competent to testify if called upon
21
22  to do so:

23       1.  I am counsel for Plaintiff Larry Luchetti in this action, and have been so from its
24
    inception.
25
26       2. While I *hoped* the certified mail packet mailed in February 2008 to Defendant The

27  Hershey Company's Labor Counsel Christopher Scalia would constitute valid service, I was

28  uncertain enough about what was lawful service to *back up* the certified mail return receipt with

a Cal. Code Civ. P. § 415.30 "Notice and Acknowledgment of Receipt of Summons – Civil" form.  It did not even cross my mind that there was any intention to deceive counsel by including such form with the service by certified mail – I simply felt it was a simple way to make sure that there would be no disputes over service.  Toward that end, I even offered to stipulate to an agreed date for a responsive pleading.  I never once thought that defense counsel would not remove the case to U.S. District Court within 30 days of Labor Counsel Scalia's receipt of such certified mail, and in fact was quite surprised when more than 30 days passed without receiving a notice of removal.

3. It was only *after* Defendant effected removal to U.S. District Court, more than 30 days after the certified mail had been served, that I felt it necessary to conduct legal research to ascertain the minutiae of service.  Such legal research then and there confirmed to me that, under Code Civ. P. §415.40, the date of Defendant's receipt of the certified letter containing the summons – rather than the date of Defendant's outside counsel's execution of the Cal. Code Civ. P. §415.30 form – was the date that started the running of the 30 days for removal.

4.  As of April 23, 2008, with only a few days left for my client Larry Luchetti to file his motion to remand, Defendant's outside counsel had not produced *any* authority suggesting that in a situation where I had contacted the general counsel, secretary, and vice president of a defendant foreign corporation, such officer's directive mandating that continued correspondence be solely with his labor counsel would serve to insulate such general counsel from service by mail via Code Civ. P. 415.40.  Accordingly, because of the strict 30-day time limit for filing a motion to remand, on April 23, 2008,  I proceeded with the filing of Plaintiff's motion to remand.

5.  I always had, and indeed *continue* to have, a good faith belief that Defendant's General Counsel Burton H. Snyder had delegated *all* responsibility for this case to his subordinate, Labor

1   Counsel Christopher Scalia.  I formulated such belief based upon two facts:

2    (a) In his October 30, 2007, reply letter to me, Mr. Scalia wrote: *"In the future,*

3   *correspond only with me."*  (Emphasis supplied.)  In such letter, Mr. Scalia also wrote *"Please*

4   *contact me if you have additional information you would like Hershey to consider."* (Emphasis

5   supplied.)  My next letter (my certified letter, enclosing the summons and related papers) was

6   sent to Labor Counsel Christopher Scalia *in direct reliance upon* Mr.Scalia's unequivocal

7   representation that *"all"* additional correspondence *and* additional "information to consider"

8   should be channeled solely through Mr. Scalia.  (Bartley Decl. in Opp. to Motion for Sanctions,

9   ¶5).

10   (b) I have nine years as counsel with the in-house law departments of two Fortune 100

11  corporations:  two years, in 1977-79, as Counsel with Foremost-McKesson, Inc. in San

12  Francisco, California, and seven years, 1979-86 as Regional Counsel for the CCA division of

13  Mobil Corporation, at CCA's Western Region Headquarters in Santa Clara, California).  Incident

14  to such service as corporate house counsel, I became intimately aware of the way corporate

15  general counsel customarily interact with others in the law department, including the customary

16  practice of general counsel to receive reports of new litigation on a very regular and periodic

17  basis.  The relationship between a general counsel and a subordinate counsel on his staff to

18  whom general counsel has personally assigned case management responsibilities customarily

19  entails authorizing such counsel to make decisions as to whether to accept service of process, and

20  entails the general counsel delegating to such assigned counsel authority to make such decision

21  and to delegate such authority to outside counsel.  Such relationship between general counsel and

22  his subordinate counsel is close and enduring, and entails very frequent communication between

23  the two, especially where those subordinate counsel are at the corporate headquarters law

department and have just received new litigation. One reason for this frequent communication is that the general counsel often wishes to participate in the decision to select outside counsel. Another reason is that the general counsel wants to stay closely abreast in case any other officers in the company make inquiry about new litigation. There customarily is a very close business relationship between a general counsel and his headquarters counsel assigned to manage a litigation case, such that such subordinate counsel at headquarters customarily makes immediate communication to general counsel regarding the initiation of new litigation against the company and regarding the status of such case. This is *especially so* where the initial contact from counsel for the suing party was with the general counsel and other high-level executives. A general counsel makes regular and periodic reports to appropriate high-level management, apprising them of the status of litigation, preventative compliance measures, and other issues of import to the corporation.

6. If I had any intention of being sneaky or duplicitous with Labor Counsel Scalia about the running of the 30 days for removal, I certainly would not have e-mailed to him, on February 7, 2008, courtesy PDF copies of the summons, complaint, and related papers. Such e-mail alone gave The Hershey Company an additional four (4) days informal notice of the summons, the hard copies of which, according to the certified mail return receipt, was received four days later, on February 11, 2008. Attached hereto as Exhibit A is a true and correct copy of my February 7, 2008, e-mail and Mr. Luchetti's response. Such e-mail chain also reflects that as of February 7, Defendant had already retained its outside counsel, Michele Ballard Miller, of Miller Law Group.

EXECUTED this 23rd day of May, 2008, at Novato, Marin County, California.

s/

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

Daniel Robert Bartley
Attorney for Plaintiff Larry Luchetti

1

### PROOF OF SERVICE

2

3       The undersigned declares he/she is employed in the county of Marin, State of California,
by Daniel Robert Bartley Law Offices, P.O. Box 686, Novato, CA, 94948-0686.  I am over the
age of 18 and not a party to this action.

4

5       On today's date, I served, via e-mail, a true and correct copy of "**DECLARATION OF
PLAINTIFF'S ATTORNEY DANIEL R. BARTLEY IN OPPOSITION TO
DEFENDANT'S MOTION FOR SANCTIONS**."

6

7       Such was served upon defense counsel as follows:

8

9               Michele Ballard Miller, Esq.
                Miller Law Group

10              500 Sansome Street, Suite 400
                San Francisco, CA 94111

11              Telephone 415-464-4300
                Fax 415-464-4336

12              E-mail mbm@MillerLawGroup.com

13

14      I declare under penalty of perjury, under the laws of the State of California, that the
foregoing is true and correct and that this declaration was executed on this 23rd day of May,
2008, at Novato, Marin County, California.

15

16                                              s/

17                                              _____
                                                Daniel Robert Bartley

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

Subj:     **RE: Larry Luchetti v. The Hershey Company: Alameda Superior Court Case #RG08367616**
Date:     2/7/2008 6:06:04 A.M. Pacific Daylight Time
From:     cscalia@hersheys.com
To:       DanielBartleyLaw@aol.com
CC:       mbm@millerlawgroup.com

Thank you, Dan, and I appreciate the kind note. Our counsel in this matter, Michele Ballard Miller, of the Miller Law Group, will be your point of contact going forward. Michele will be in touch soon.

The good justice and I are cousins, but suffice it to say that the distance is remote enough to exclude me from his holiday card list. His youngest son, also named Chris, is close in age to me. We're friendly and correspond a few times a year

Best wishes,

CMS


Christopher M. Scalia, Esq.
Labor Counsel
The Hershey Co.
100 Crystal A Drive
Hershey, PA 17033
(p) 717.534.6689
(c) 717.580.7171
(f) 717.534.7549
cscalia@hersheys.com



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s)
named above. This message may be an attorney-client communication and as such
privileged and confidential.  If you are not an intended recipient,you may not
review, copy or distribute this message. If you have received this communication
in error, please notify us immediately by e-mail and delete the original message.


---

**From:** DanielBartleyLaw@aol.com [mailto:DanielBartleyLaw@aol.com]
**Sent:** Thursday, February 07, 2008 12:08 AM
**To:** Scalia, Christopher
**Subject:** Larry Luchetti v. The Hershey Company: Alameda Superior Court Case #RG08367616

Mr. Scalia:

Attached are courtesy PDF copies of a self-explanatory letter and documents pertaining to the above action.

Hard copies of all these are going out to you via certified mail.

Dan Bartley
Cell 415 847 2060

Daniel Robert Bartley Law Offices
E-mail DanielBartleyLaw@aol.com
**Website:** BartleyLawOffice.com
**Mail Address:** Post Office Box 686, Novato, CA 94948 0686


Friday, May 23, 2008 America Online: DanielBartleyLaw

Street Address: 7665 Redwood Blvd., Ste. 200, Novato, CA 94945 1405
Tel 415 898 4741 Fax 415 898 4841

Confidentiality Note: The information in this message is an expression of personal opinion, may constitute inside information, and/or may constitute information protected by the attorney-client privilege, the joint prosecution privilege, the common interest privilege, and/or the attorney work product privilege. This is a confidential communication intended only for the use of the individual or entity named above. If the receiver of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this message is strictly prohibited. If you have received this e-mail in error, please immediately notify us by e-mail or telephone (415 898 4741), and please destroy any copies you may have made of this message. This e-mail is protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521.

Who's never won? Biggest Grammy Award surprises of all time on AOL Music.