1
2
3
4

Daniel Robert Bartley, SBN 79586
Daniel Robert Bartley Law Offices
Mail:  P.O.  Box 686, Novato, CA 94948-0686
St:  7665 Redwood Bvd, Ste 200, Novato, CA 94945-1405
Tel 415 898 4741 • Fax 415 898 4841
E-mail danielbartleylaw@aol.com

5
6

Attorney for Plaintiff Larry Luchetti

7
8
9

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

LARRY LUCHETTI,

Case No. CV 08 1629 SI

12

Plaintiff,

13

v.

14

THE HERSHEY COMPANY, a
Delaware corporation, and DOES 1
through 100, inclusive,

**[PLAINTIFF'S PROPOSED] ORDER
REMANDING CASE AND DENYING
DEFENDANT'S MOTION FOR SANCTIONS**

15
16
17

Defendants.

Judge:  Hon. Susan Illston, U.S. District Judge
Date:    Friday, June 6, 2008
Time:    9:00 A.M.
Ctrm:   SF Courtroom 10, 19th Floor

18
19
20
21

        This matter came on for a hearing before Hon. Susan Illston, U.S. District Judge, on

Friday, June 6, 2008, at 9:00 A.M., in Courtroom 10, 19th Floor, of the Federal Building, 450

Golden Gate Avenue, San Francisco.

22
23
24
25

        Appearing as counsel for Plaintiff Larry Luchetti was Daniel R. Bartley, of Bartley Law

Offices, Novato, California, and appearing as counsel for Defendant The Hershey Company was

Michele B. Miller, of Miller Law Group, San Francisco, California.

26
27
28

        Having read the parties' respective briefs, declarations, and proposed orders, and having

heard counsel's respective arguments made at the hearing, and otherwise being sufficiently

advised, the court issues the following ruling:

1

### Strong Presumption Against Removal Jurisdiction

Interpreting every uncertainty and doubt in favor of remand, as the Court is required to do, and recognizing there is a strong presumption against removal jurisdiction, the Court determines that the Defendant foreign corporation, The Hershey Company ("Hershey"), on this particular set of facts, has not carried its burden of establishing, by a preponderance of the evidence, that removal was proper. 28 U.S.C. §1447(c); *Kanter v. Warner-Lambert Co.,* 52 F. Supp.2d 1126 (N.D. Cal. 1999); *Sullivan v. First Affiliated Securities, Inc.,* 813 F. 2d 1368 (9th Cir. 1987) *cert den* 108 S. Ct. 150.  The removal statute is strictly construed, and the court must reject federal jurisdiction if there is *any* doubt as to whether removal was proper.  28 U.S.C. §1441; *Petrie v. Pacific Stock Exchange, Inc.,* 982 F. Supp. 1390 (N.D. Cal. 1997); *Nishimoto v. Federman-Bachrach & Associates,* 903 F. 2d 709 (9th Cir. 1990)

### Defendant Is a Foreign Corporation Subject to CCP § 416.40

According to its records on file with the California Secretary of State, The Hershey Company is a corporation incorporated in the state of Delaware, and its headquarters offices are located at Hershey 100 Crystal Drive, Hershey, PA  17033-0810.  (Bartley Decl. in Support of Mot. to Remand, ¶ 8.)  The Hershey Company accordingly is a "person outside this state" as that term is used in Code Civ. P. §415.40, which reads:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt.

### Dialogue Initiated with General Counsel and Three Other Officers

Plaintiff's counsel opened his dialogue with Defendant Hershey by sending his October 15, 2007, letter not to just *one* vice president, but *four*.  (Bartley Decl. in Support of Motion to

1  Remand, ¶¶ 2-8, Exhs. A-D.)  Without question, each and every one of such individuals fell

2  within the persons described by Code. Civ. P. § 416.10 as acceptable addressees having *actual*

3  *authority* to receive service of process.

4

5       Such § 416.10 reads, in pertinent part, as follows:

6       A summons may be served on a corporation by delivering a copy of the summons
        and the complaint by any of the following methods: . . . (b) To the president, chief
7       executive officer, or other head of the corporation, a vice president, a secretary or
        assistant secretary, a treasurer or assistant treasurer, a controller or chief financial
8       officer, a general manager, or a person authorized by the corporation to receive
        service of process. . . .
9

10      Defendant does not dispute that the persons with whom Plaintiff's counsel opened his

11  original dialogue were individuals having *actual* authority to receive service of process. What is

12  at issue here is the dialogue that continued *after* such opening letter, which dialogue included

13  Plaintiff's February 6, 2008, certified correspondence tendering the summons, complaint, a

14  "Notice and Acknowledgment of Receipt of Summons – Civil" form, and other papers.  The

15  Court must consider whether there was *substantial compliance* with state laws governing service

16  of process.  Such entails consideration of whether the summons and complaint were received by

17  an officer with *actual authority* to receive service of process and, if not, whether the person who

18

19  *did* receive such service of process appeared to have *ostensible authority* to receive such service.

20

21                **General Counsel's Receipt of Actual Notice = Substantial Compliance**

22      In California, the statutory provisions regarding service of process must be liberally

23  construed to effectuate service if *actual notice* has been received by the defendant.  Thus,

24  *substantial compliance is sufficient*.  When, as here, the defendant is a foreign corporation and

25  the person to be served must be one of the individuals specified in Code Civ. Proc. §416.10

26  (service by mail on a foreign corporation), *substantial compliance* with that statute may be found

27

28

1
2
3
4
5

if, *despite* the failure to address the envelope to one of the persons to be served on behalf of the corporate defendant, the summons nonetheless was *actually received* by one of the persons to be served. *Dill v. Berquist Construction Co.,* 24 Cal. App. 4th 1426 (1994), reh. den. (1994, Cal.App 4th Dist) 1994 Cal App LEXIS 512, rev. den. (1994, Cal) 1994 Cal LEXIS 4600.

6
7
8
9
10
11
12
13
14
15
16
17

One of the functions of a general counsel of a corporate law department is to receive regular reports from his subordinates of all new litigation against the company.  None of the three attorney declarations filed by the Defendant Hershey in opposition to the motion to remand make any claim that General Counsel Snyder did not actually receive the summons.  Further, the declaration of General Counsel Snyder expressly acknowledges that he engages in "oversight" of Labor Counsel Scalia.  Given that Defendant has presented no evidence that General Counsel Snyder *did not* receive actual notice the summons, the court, resolving this uncertainty in favor of Plaintiff (as the court must), finds that General Counsel Burton Snyder *did* in fact receive actual notice of the summons.  The burden to prove otherwise was on Defendant, and Defendant did not meet such burden.

18
19
20

This finding by itself is sufficient grounds for remand.

### An Agent With Ostensible Authority Binds His Principal

21
22

Labor Counsel Scalia, under the particular facts of this case, had ostensible authority to act in the place and stead of General Counsel Snyder, and therefore to bind his principal.

23
24
25
26
27
28

In this case, Plaintiff's counsel *opened* communications with Defendant Hershey via an October 15, 2007, letter expressly addressed to Burton Snyder, Defendant's Senior Vice President, General Counsel, and Secretary and fully three other vice presidents.  (Bartley Decl. in Support of Motion to Remand, ¶ 3, Exh. B.)  General Counsel Snyder, rather than respond to the letter himself, *delegated* to his Labor Counsel, Christopher Scalia, Mr. Snyder's authority to

write an October 30, 2007, letter replying to Plaintiff's counsel and – *more than that* – to receive, without limitation, *all* further correspondence and *"additional information"* regarding the case. Mr. Scalia wrote: "In the future, please correspond only with me." and "Please contact me if you have additional information you would like Hershey to consider." (Bartley Decl. in Support of Motion to Remand, ¶ 3, Exh. B.)

There is *no* claim or evidence filed by Defendant suggesting or implying that any state-ment by Mr. Scalia in his October 30, 2007, reply letter to Plaintiff's counsel was against his General Counsel's orders, and there is no evidence on file to support any such finding.

In California, service by certified mail upon a foreign corporation is governed by two statutes:  Code Civ. P. § 415.40, authorizing such service by mail, and Code Civ. P. § 416.10, identifying certain classes of persons upon whom such service may be made.

Notwithstanding Code Civ. P. § 416.10, vesting *actual* authority, California law also recognizes *implied* authority – also known as "ostensible authority" – where an officer authorized to receive service causes it to *appear,* correctly or not, that another person has been authorized to accept service on his or her behalf.   "Ostensible authority" is defined as:  "Such [authority] as a principal intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess."  Civ. Code § 2317.

Under California law, the test for determining whether "ostensible authority" has been vested is set forth in *Summers v. McClanahan,* 140 Cal. App. 4th 403, 411 (2006).  Specifically, under *Summers,* the determination as to whether an officer with authority to accept service of process has *made it appear* that a non-officer employee has "ostensible authority" to serve as the officer's agent entails weighing the following three factors:  (a) whether the officer had engaged in conduct that appeared to authorize the individual to be his agent to receive service, (2) the

frequency of communication between the officer and the other person; and (3) whether there was a close business relationship between the officer and the non-officer, making it likely that the non-officer with ostensible authority receiving the summons likely would inform the officer. See also: *Pasadena Medi-Center Associates v. Sup. Ct. (Houts),* 9 Cal. 3d 773, 777 (1973) (where a corporation *held out* a non-officer as one of its principal officers, that person may be held to have *ostensible* authority to receive service of summons on the corporation's behalf, even if such person actually held no office at the time); and *Warner Bros. Records, Inc. v. Golden West Music Sales,* 36 Cal. App. 3d 1012, 1018 (1974) (held inapplicable the general rule that an attorney may not be served on behalf of a client, where the facts established that such attorney had been delegated actual *or* ostensible authority under section 416.90: "The essential factor here is that [the attorney's] relationship with the [person to be served] may have been sufficiently close and enduring to make it reasonably certain that they would be apprised of the service on [the attorney] upon their behalf.")

Defendant's reliance upon *Holmes v. PHI Service C.,* 437 F. Supp. 2d 110, 115-17 (D.D.C. 2006) is misplaced, given there was no representation by the law department in *Holmes* that the associate general counsel in such case had been delegated authority to act in the place and stead of the general counsel. Unlike Plaintiff Larry Luchetti's case, the *Holmes* case entailed *no* facts suggesting the associate general counsel had ostensible authority, and in fact *Holmes* entailed an *admission* by the plaintiff that he had "erroneously identified Jill Flack, Esq., as the resident agent" authorized by the defendant to receive service on its behalf. *Id.,* 437 F. Supp. 2d at116. Further, such District of Columbia decision did not entail application of the "close and enduring relationship" analysis required by California case law (in *Summers, supra*).

\\\

Where there is a "close" and "enduring" relationship between the person receiving service and the person on whose behalf he receives such service, the recipient "could be" found to have *ostensible authority* to receive service of process. *Warner Bros. Records, Inc., supra,* 36 Cal. App. 3d at 1018.

The relationship between Hershey Company General Counsel, Secretary, and Senior Vice President Burton Snyder and his Labor Counsel Christopher Scalia, at Hershey's headquarters law department, clearly meets the "close and enduring relationship" test dictated by *Summers*: Plaintiff's counsel reasonably inferred from Labor Counsel Christopher Scalia's October 30, 2007, reply letter (Bartley Decl. in Support of Motion to Remand, ¶ 3, Exh. B) that Mr. Scalia had been authorized by his boss, General Counsel Snyder, to answer Plaintiff's counsel's letter to Mr. Snyder (and three other vice presidents), and, *without qualification,* to receive all subsequent correspondence *and other information*, in the place and stead of Mr. Snyder and the three other officers. (Bartley Decl. in Opp. to Motion for Sanctions)  In Mr. Scalia's October 30, 2007, letter, Mr. Scalia wrote: *"In the future, correspond only with me."* (Emphasis supplied.)  In such letter, Mr. Scalia also wrote "Please contact *me* if you have *additional information* you would like Hershey to consider." (Emphasis supplied.)  Further, General Counsel Snyder, in his declaration filed with the court, asserts: "In my position as Senior Vice President, General Counsel, and Secretary, my duties include oversight and responsibility for all of the in-house lawyers employed by The Hershey Company, including Mr. Christopher M. Scalia, Labor Counsel for The Hershey Company."  (Snyder Decl. in Opp. To Motion to Remand, ¶ 2.).

To the extent there is any uncertainty as to whether General Counsel Snyder gave the appearance he had conveyed to Labor Counsel Scalia *ostensible* authority to receive communications and all "additional information" – including the complaint and summons – in Mr.

Snyder's place and stead, such uncertainty must be, and is, resolved in favor of Plaintiff Larry Luchetti.  The court finds that General Counsel Snyder permitted his Labor Counsel to engage in conduct that gave the appearance General Counsel Snyder had authorized his Labor Counsel Christopher Scalia to serve as his agent for all purposes, including his agent to receive a copy of the summons and complaint.  Further, given General Counsel's Snyder's declaration that *he* is the person responsible for oversight and responsibility over Labor Counsel Scalia, the court concludes there was frequent communication between General Counsel Snyder and Labor Counsel Scalia, and that there was a close business relationship between the two, making it highly likely that Labor Counsel Scalia would inform General Counsel Snyder of Mr. Scalia's receipt of the summons.

*Pochiro v. Prudential Insurance,* 827 F. 2d 1246, 1348-49 (9th Cir. 1987), relied upon by Defendant, is distinguishable, because, here in Mr. Luchetti's case, Plaintiff's counsel's February 6, 2008, service letter was *the second letter in a series of two letters* sent to Defendant – the first of which was expressly addressed to Senior Vice President, General Counsel, and Secretary Snyder and fully three other vice presidents.  General Counsel Snyder clearly was, and is, a person authorized to receive service of process, as "person" is defined by Code Civ. P. § 416.10. Because the second letter was sent to Labor Counsel Christopher Scalia *in direct reliance upon* Mr.Scalia's unequivocal representation that *"all"* additional correspondence *and* "information to consider" should be channeled solely through Mr. Scalia (Bartley Decl. in Opp. to Motion for Sanctions, ¶ 5), the court accepts as credible Plaintiff's counsel's claim that he reasonably was led to believe that General Counsel Snyder had delegated to Mr. Scalia ostensible authority to receive, *for, and in the place and stead of,* General Counsel Snyder and the three other vice presidents, not just *all* correspondence, but also all other *"additional information"* regarding Mr.

1    Luchetti's case, *without exception* – including, but not limited to, a certified letter sending the

2    summons.  (Bartley Decl. in Opp. to Motion for Sanctions,  ¶ 5.)  A close reporting relationship

3    exists between General Counsel Snyder and Labor Counsel Scalia.  Because of that close

4    reporting relationship, Plaintiff's counsel reasonably inferred that Labor Counsel Scalia had been

5    delegated ostensible authority to accept, in Mr. Snyder's full place and stead, a certified letter

6    serving the summons.  (Bartley Decl. in Opp. to Motion for Sanctions,  ¶ 5.)

7            The rule remains that an agent acting within his ostensible authority binds his principal.

8    See *Pasadena Medi-Center Associates, supra,* 9 Cal. 3d 773, at 781.   In applying Code Civ. P. §

9    415.40, California courts recognize the concept of delegation of authority to accept service.  For

10   example, in a case where the person qualified to receive service by mail under Code Civ. P.

11   §416.10 has delegated to a person not so qualified authority to sign for and accept mail addressed

12   to such qualified person, the statutory scheme permits completion of service by mail when the

13   return receipt is signed by such person whom the defendant has delegated such authority, as

14   opposed to signed by the qualified person himself.  *Nedeau v. Foster,* 129 Cal. App. 3d 234

15   (1982)  See also *Cruz v. Fagor America, Inc.* (2007) 146 Cal. App. 4th 488, rev. den. (2007 Cal)

16   2007 Cal LEXIS 3617.

17           Defendant's reliance upon *Cmiech v. Electrolux Home Products, Inc.* (520 F. Supp.2d

18   671, (M.D. Pa. 2007), interpreting Pennsylvania law, is misplaced, because such case *did not*

19   involve the plaintiff's invocation of any Pennsylvania counterpart to Code Civ. P. §415.40

20   (service of a foreign corporation via certified mail); instead, it addressed *solely* a Pennsylvania

21   statute that was a counterpart to Code Civ. P. §415.30 (service via "notice and acknowledgment

22   of receipt" form).  At 673-676.  The issue in the *Cmiech* case was whether defense counsel's

23   behavior evidenced some intent to forego objection to the defective service, and a determining

factor was that the plaintiff in that case had demonstrated lack of a good faith effort to take the necessary steps to effectuate service as required by the rules of court; instead, in that case, the plaintiff "sat idly by."  In the instant case, Mr. Luchetti *did not* sit on his rights after sending the "notice and acknowledgment of receipt" form; rather, Mr. Luchetti, via Mr. Scalia's receipt of the certified mail packet, with due diligence successfully effected lawful service upon a person having ostensible authority, pursuant to Code Civ. P. §415.40.

### Defendant Creates Uncertainty as to Who at Its Law Department
### Delegated Authority to Outside Defense Counsel to Accept Service

The record reflects that Lisa C. Hamasaki, one of the lawyers with Defendant Hershey's outside counsel, Miller Law Group, executed the "Notice and Acknowledgment of Receipt of Summons" form tendered by Plaintiff's counsel.

Both house counsel Scalia and outside counsel Miller, in their respective declarations, assert *only* that it was "The Hershey Company" who delegated to outside counsel Miller Law Group the authority to accept service on behalf of The Hershey Company, leaving the Court uncertain as to precisely who within Hershey's law department effected such delegation.  (See Miller Decl. in Opp. to Remand, ¶ 3, Scalia Decl. in Opp. to Remand, ¶ 9.)

If one represents a defendant, and is asked to accept service on behalf of the defendant, it is considered good practice to make sure one has such client's authority, *in writing,* before agreeing to anything.  *See* Weil & Brown, Cal Prac. Guide: Civ. Proc. Before Trial (The Rutter Group 2007), ¶ 4:3.  Accordingly, if Defendant Hershey followed such good practice, there likely is a writing or e-mail whereby *someone* at Hershey's law department expressly delegated to the Miller Law Group authority to accept service.  Since no house counsel other than Mr. Scalia is mentioned as having any direct contact with either Plaintiff's counsel *or* the Miller Law

Group, and since Hershey elected not to file with the court a copy of any communication from Hershey delegating authority to the Miller Law Group to accept service of process, an uncertainty is created as to who within the Hershey law department effected such delegation. The court, necessarily deciding every uncertainty in favor of Plaintiff, infers, from the totality of the evidence – the e-mail chain, the letters, and the declarations – that it was *Labor Counsel Scalia* who delegated to outside counsel Miller Law Group such authority to accept process. If such delegation came instead from General Counsel Snyder, it is inexplicable, given that Hershey has the burden of proof in this remand proceeding, why Defendant Hershey did not file evidence of such delegation, in corroboration of its claim Mr. Scalia had no such authority.

Labor Counsel Scalia's delegation of authority to outside counsel to accept service of process is directly at odds with Defendant's representation to the Court that Mr. Scalia had no such authority. For Mr. Scalia to have successfully delegated authority to outside counsel to accept service of process, Mr. Scalia had to have possessed such authority in the first place.

### Defendant's Declarations in Opposition to Remand Are Deficient

Defendant Hershey's declarations in opposition to Plaintiff's motion to remand are patently deficient, because they *do not deny* that: (1) Senior Vice President, General Counsel, and Secretary Bruce H. Snyder *actually received* the summons and complaint; (2) Mr. Snyder had *actual notice* of the litigation; (3) Mr. Snyder *delegated to his subordinate, Labor Counsel Christopher Scalia, unfettered authority* to receive all correspondence about Mr. Luchetti's case in Mr. Snyder's place and stead; and (4) Labor Counsel Scalia delegated to outside counsel Miller Law Group authority to accept service.

Under the particular facts of this case, where the burden of proof is on Defendant foreign corporation, Defendant's submission of declarations, simply asserting in conclusionary fashion

that Mr. Scalia had no authority to accept service of process, is not enough to enable the court to resolve uncertainties in Defendant's favor.  Defendant *should have* submitted declarations negating the *appearance* of *ostensible* authority, but failed to do so.

For example, there is no declaration establishing that *General Counsel Snyder* – as opposed to Labor Counsel Scalia – was the person who delegated to outside counselauthority to accept service of process.  Further, there is no declaration reflecting that Mr. Snyder had no authority to delegate *all* of Mr. Snyder's responsibilities to receive communication and "information" in this matter to his department's Labor Counsel, Mr. Scalia.  "Defendant, having the clear opportunity to refute what otherwise appears to be competent evidence that [defendant] was served with process, has failed to do so." See *Nedeau, supra,* 129 Cal. App. 3d at 237.

**Failure to Serve a Proof of Service Did Not Render Service by Mail Defective**

Without citing any supporting case authority, Defendant Hershey appears to suggest that Plaintiff's counsel's failure to attach a proof of service by mail at the end of the Complaint rendered such service fatally defective.  Such, however, is not the law.  Fed. R. Civ. Proc. 4(l)(3) ("Validity of Service; Amending Proof") provides: "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended."  Plaintiff may file, after the fact, a proof of service to reflect service by mail, and indeed has now done so.  (See "Plaintiff's Proof of Service by Certified Mail" filed herein May 23, 2008.)

**Waiver and Estoppel**

Defendant Hershey argues that because Plaintiff's counsel sent Defendant, with the summons, a "Notice and Acknowledgment of Receipt of Summons – Civil" form required for Code. Civ. P. §415.30 service, and requested execution of such form, such effected an estoppel rendering defective the service by certified mail under Code. Civ. P. §415.40, which service by

law was *not* conditioned upon execution of the "Notice and Acknowledgment of Receipt of Summons – Civil" form.  Such argument is without merit.

By way of illustration, *under Defendant's rationale,* in a hypothetical case against a defendants Mr. Jones and Mr. Smith, if a process server *thinking* he had served defendant Mr. Jones instead *by mistake* served defendant Mr. Smith, such service upon Mr. Smith was defective, because the process server did not realize he had served Mr. Smith.  By way of further illustration, *under Defendant's rationale,* if a process server checked the wrong box at the bottom right of a summons, reflecting which statute under which service is effected, such would invalidate the service.

Hypertechnical application of state summons service statutes may not to be used to frustrate the strong presumption against removal jurisdiction.  See *Reece v. Wal-Mart Stores, Inc.,* 98 F. 3d 839, 843-44 (5th Cir. 1996) (where a plaintiff used "a sensible" way to notify a responsible individual within the corporation, for purposes of triggering the removal period, the corporate defendant received notice of lawsuit on date its CEO signed receipt for letter sent by plaintiff's attorney enclosing file-stamped copy of initial pleading, notwithstanding that CEO was not, under Texas state law, authorized to receive service on behalf of corporation).  "The vagaries of state law regarding which corporate officers are subject to service bear no relation to the notice concerns underlying [28 U.S.C.] §1446(b)."  *Id.*

> Reece's attorney sent the pleading to WalMart's CEO – a person whom she reasonably could assume to be responsible and sufficiently familiar with legal matters to forward the pleading to the proper individual or department within the company – and received a return receipt.  As this method of delivery is a perfectly sensible way to notify a responsible individual within the corporation, we conclude that Wal-mart "received" a copy of Reece's initial pleading on the date that its representative signed for the letter.

At 844.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's reliance upon *Dill v. Berquist Construction Co.*, 24 Cal. App. 4th 1426 (1994) is misplaced. Unlike Mr. Luchetti's case, the *Dill* case *did not* entail a Code of Civ. P. § 416.10-level officer having delegated to a non-officer the exclusive authority to receive and respond to communications about the matter in dispute. Quite the contrary, the *Dill* case was a case in which the plaintiff obtained a default judgment based upon a service letter addressed *to the corporate defendant in general,* without identifying as any particular person as an addressee, and such certified letter being signed for by an individual who was not identified by plaintiff as authorized to speak in the place and stead of a person who could be served pursuant to Code Civ. P. §416.10. *Id.* at 1436-39. In Plaintiff Luchetti's case, on the other hand, Plaintiff's counsel expressly opened the dialogue via initial correspondence addressed to *fully four* high-level officers of the defendant foreign corporation: Burton H. Snyder, Esq. (Defendant's Senior Vice President, General Counsel, and Secretary) and three other high-level vice presidents. Resolving every uncertainty in favor of Plaintiff, the Court concludes from Mr. Scalia's October 30, 2007, reply letter on those four officers' behalf (Bartley Decl. in Support of Motion to Remand, ¶ 3, Exh. B) that General Counsel Snyder and the three other officers delegated to Mr. Snyder's subordinate, Labor Counsel Scalia, without qualification, authority to accept *all* subsequent correspondence *and* "additional information" regarding Mr. Luchetti's claims that otherwise would be directed by Plaintiff's counsel to General Counsel Snyder or one of the other three high-level officers.

Under all these circumstances, Defendant's attempt to equate its Labor Counsel Christopher Scalia to the employee who signed the certified mail receipt in *Dill v. Berquist* is unconvincing.

\\\

Order Remanding Case and Denying Motion for Sanctions - *Luchetti v. The Hershey Company*                    Page -14-

Further, Defendant's reliance upon *Fristoe v. Reynolds Metals Co.,* 615 F. 2d 1209 (9th Cir. 1980) is unjustified, because the facts justifying estoppel in such case had no similarity to the facts in this case. Specifically, the plaintiff in *Fristoe* was held to have waived his objection to the defendant having filed its petition for removal one day late, where the plaintiff objected only after his appeal was taken, after trial on the merits. At 1212-13. Such facts justifying invocation of estoppel in favor of the defendant in that case bear no comparison to the facts in this case, where there is no issue as to the timing of Plaintiff's assertion of his objection to Defendant's late removal.

Defendant's reliance upon *Transport Indemnity Co. v. United States*, 339 F. Supp. 405, 417 [s.i.c. - no such page in the case] (C.D. Cal. 1972) is misplaced, because that case entailed invocation of the doctrine of estoppel *against the defendant* rather than *against the plaintiff*:

> . . . In the instant case, the two Defendants are not independent of each other. To the contrary, they are closely related, being a parent corporation and its wholly-owned subsidiary, represented by the same counsel. On these facts, the doctrine of estoppel could and should be invoked against Defendants. The two corporations are in privity. When Defendant One failed to seek removal within the time limit, not only did it become barred from removing the case at a later time, but Defendant Two is similarly barred as being in privity with it.

*Id.,* 339 F. Supp. at 409.

*Transport Indemnity* actually supports invocation of the doctrine of estoppel *against Defendant Hershey,* due to Defendant Hershey's insistence that all future communications to the General Counsel and the three other officers (all qualified to receive service by certified mail under Code Civ. P. §416.10) be channeled solely through Hershey Labor Counsel Scalia. A defendant who makes such a demand, limiting plaintiff's counsel's direct line of communication with its officers, is estopped from later trying to take advantage of plaintiff's counsel's respect for, and compliance with, such demand.

1    Labor Counsel Scalia, acting within his ostensible authority to communicate in the place

2    and stead of his supervisor, Hershey Company General Counsel Burton H. Snyder, regarding

3    communication and all "additional information," served to bind Mr. Snyder, and the Hershey

4    Company is estopped from now asserting otherwise.

5

6                          **Existence of In-State Designated Agent**

7    Defendant Hershey implies that its having an in-state designated agent rendered less

8    effective or justifiable Plaintiff Luchetti's service via certified mail upon an out-of-state Labor

9    Counsel who had been delegated ostensible authority from his General Counsel.

10

11    The fact that Defendant foreign corporation had a designated agent for service within the

12    state of California did not make inappropriate service by mail pursuant to Code Civ. Proc. §

13    415.40, where such service provided the corporation with actual notice and an opportunity to be

14    heard.  Although service of process could properly be made on Defendant foreign corporation's

15    designated agent within the state by any of the methods prescribed for service within the state,

16    the agent was *not* the only person on whom service could be made, and service could properly be

17    made by mail pursuant to Code Civ. Proc. § 415.40, which expressly provides for service by

18    mailing a copy of the summons and complaint.  See *Lowenstein (M.) & Sons v. Superior Court*,

19    80 Cal. App. 3d 762 (1978).

20

21    The Constitution does not require personal service of summons in every case; nor does it

22    require, as a substitute for personal service, the method which is "most likely" to reach the

23    defendant; all that is required is a method reasonably likely to provide notice.  See *Greene v.*

24    *Lindsey,* 102 S. Ct. 1874, 1881 (1982).  Where a defendant's name and address are reasonably

25    ascertainable, "notice by mail or other means as certain to ensure actual notice" is the minimum

26    \\\

27

28

the Constitution requires. *Tulsa Professional Collection Services, Inc. v. Pope* 108 S. Ct. 1340, 1347-1348 (1988).

Notice of removal of an action brought in Illinois state court was held untimely where the defendant did not deny that it possessed a copy of the complaint more than 30 days prior to filing of the notice of removal, notwithstanding fact that delivery of copy of complaint allegedly did not comply with requirements of "service" under Illinois law. *Roe v. O'Donohue,* 38 F. 3d 298, 304 (7th Cir. 1994) (held "the 30 days commences when the defendant, or its authorized agent, comes into possession of a copy of the complaint whether or not the delivery complies with the requirements of "service"); 28 U.S.C. § 1446(b).

### No Showing of Deceit by Plaintiff's Counsel

Defendant has not met its burden of proof to support its accusations that it was subject to "bait and switch", "trickery", and "bad faith" by Plaintiff's counsel. Resolving all uncertainties in favor of Plaintiff, the court finds that the initial e-mails and letters reflect that Plaintiff's counsel, at the time of the exchange of e-mails and letters with Labor Counsel Scalia, genuinely was unaware that service pursuant to Code Civ. P. § 415.40 did not require execution of the "notice and acknowledgment of receipt" form required for service pursuant to Code Civ. P. § 415.30. (Bartley Decl. in Sup. Mot. to Remand, ¶¶ 2-8, Exhs. A-D; Bartley Decl. in Opp. to Sanctions, ¶¶ 2-6, Exh. A.)  The court finds no evidence of "bait and switch", "trickery", or "bad faith" by Plaintiff's counsel.

Defendant's reliance upon an out-of-circuit district court case, *Staples v. Joseph Morton Co.,* 444 F. Supp. 1312, 1314 (E.D. N.Y. 1978) is misplaced, because the plaintiff in *Staples* had made a statement he was dismissing the state action, and then, such plaintiff egregiously reneged on such representation.  No false representation of dismissal – or anything close to such an

egregiously false representation – was made by Plaintiff Larry Luchetti's counsel in this case. There is no evidence that Plaintiff's counsel represented to Hershey's house counsel or its outside counsel that Plaintiff had waived service pursuant to Code Civ. P. §415.40.

Plaintiff's counsel's inclusion of a "notice and acknowledgment of receipt of summons" form required to perfect service pursuant to Code Civ. P. §415.30 did not serve to negate the valid service that had been effected via Code Civ. P. §415.40.  Further, it was not the job of Plaintiff's counsel to give legal advice to Defendant's learned counsel regarding the effect of service of process via certified mail pursuant to Code Civ. P. §415.40.

In circumstances where an attorney has been authorized to represent the client on the day such attorney receives the initial pleadings, the 30-day removal period commences to run upon the day such attorney received the initial pleadings, rather than when the service on the client was formally accomplished.  28 U.S.C. §1446(b).  *Lofstrom v. Dennis* 829 F.Supp 1194, 1196-98 (ND Cal 1993) (finding that "attorney had represented client in the past and was authorized to receive service on the date he received authorization to represent her").

### Sanctions

Federal courts have inherent power to impose sanctions against attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order.  *Chambers v. NASCO, Inc.,* 111 S. Ct. 2123, 2132 (1991).  Before a court may impose sanctions against a lawyer or party under its inherent power, it must find that the lawyer or party "acted in bad faith, vexatiously, wantonly or for oppressive reasons."  *Id.,* at 2123.

Recklessness by itself does *not* justify sanctions under the court's inherent power to award sanctions for bad faith conduct; however, reckless *in combination* with other factors may make such sanctions appropriate: "[S]anctions are available for a variety of willful actions,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez* (9th Cir. 2001) 239 F. 3d 989, 994.

Conduct that withstands the scrutiny of Fed. R. Civ. P. 11 *cannot* be punished under the court's inherent power: By definition, conduct found to be "warranted in fact and law and not presented for an improper purpose" cannot constituted "bad faith." Schwartzer, Tashima & Wagstaffe, Cal.Prac.Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2008), ¶ 17:715.

Notwithstanding the Defendant foreign corporation's accusations of "trickery," "bait and switch," and "bad faith" by Plaintiff's counsel, the record is devoid of any evidence of skull-duggery on the part of Plaintiff's counsel incident to service of process upon Defendant. Quite to the contrary, the e-mail chain and correspondence filed by both sides clearly reveal that Plaintiff's counsel, at the time of service, was *unsure* whether certified mail was sufficient or it needed to be augmented with inclusion of a "Notice and acknowledgment of Receipt of Summons – Civil" form. Plaintiff's counsel, while *hoping* the certified mail packet would constitute service (Bartley Decl. in Support of Motion to Remand, ¶ 5: "I *intended* such certified correspondence to constitute service of process via certified mail under California law") (emphasis supplied), was uncertain enough about what was lawful service to *back up* the certified mail return receipt with a Code Civ. P. §415.30 "Notice and Acknowledgment of Receipt of Summons – Civil" form. (Bartley Decl. in Opp. to Motion for Sanctions, ¶ 2.) It was only *after* Defendant effected removal that Plaintiff's counsel conducted legal research confirming to Plaintiff's counsel that, under Code Civ. P. §415.40, the date of Defendant's receipt of the certified letter containing the summons – rather than the date of Defendant's outside counsel's execution of the Code Civ. P. §415.30 form – was the date that started the running of the 30 days for removal. (Bartley Decl. in Opp. to Motion for Sanctions, ¶¶ 3,6.)

1
2
3
4
5

Finally, Defendant fails to cite any case law in support of Defendant's implication that it is the responsibility of a plaintiff's lawyer to advise a foreign corporation's house counsel and defense counsel that certified mail, under Code Civ. P. §416.40, is service upon such defendant, *with or without* the return receipt required to effectuate service under Code Civ. P. §416.30.

6
7
8
9
10
11

There is no evidence in the record that Plaintiff's counsel, on February 6, 2008, when Plaintiff's counsel sent the certified letter, knew with certainty that Code Civ. P. §415.40 made service of process effective 30 days after the out-of-state defendant's receipt of the certified mail, regardless whether the Code Civ. P. §415.30 "Notice and Acknowledgment of Receipt of Summons – Civil" form was signed and returned.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Even if there *were* evidence of Plaintiff's counsel's knowledge that he was accomplishing service via Code Civ. P. §415.40, it *was not* Plaintiff's counsel's duty to give Defendant's learned house counsel and outside counsel legal advice on California law regarding use of certified mail to serve process upon a foreign corporation.  In the exercise of due diligence, Defendant's respective counsel reasonably should have learned *on their own* that certified mail does not require execution and return of a "Notice and Acknowledgment of Receipt of Summons – Civil" form to be perfected.  There being *no* requirement that a plaintiff's counsel educate a foreign defendant's counsel on applicable California law regarding service of a foreign corpora-tion via certified mail, Defendant's counsel relied at their own peril upon Plaintiff's counsel's inclusion of the "Notice and Acknowledgment of Receipt of Summons – Civil" form in the packet sent by certified mail.  It was incumbent upon such defense counsel, in the exercise of due diligence, to recognize that lawful service occurred on the date when General Counsel Snyder's ostensible agent, Labor Counsel Scalia, received the certified mail, *regardless* whether the Defendant foreign corporation subsequently would ever sign and return the subject form.

Plaintiff's counsel owed *no* duty to educate the Defendant, *especially* where, as here, the individual being served was not a lay person, but an in-house lawyer representing himself as standing in the place and stead of the company's General Counsel and three other vice presidents, and where such in-house lawyer without delay had retained learned California litigation defense counsel.

Fed. R. Civ. P. 6(d) providing three days' additional time to take action after service by mail, served to extend by three days Defendant Hershey's 30 days for removal, since the state court summons was served by mail. *Student A v. Metcho,* 710 F. Supp. 267, 269 (ND CA 1989). Accordingly, if, in the experience and judgment of Defendant's house counsel and California defense counsel, they had *even an inkling* that their return of the "Notice and Acknowledgment of Receipt – Civil" form may not be necessary to perfect Code of Civ. P. § 415.40 service by certified mail upon a foreign corporation, defense counsel, in the exercise of due diligence, and out of an abundance of caution, should have filed Hershey's notice of removal within 33 days of Mr. Scalia's February 11, 2008, receipt of the certified letter, so as to avoid any risk of going past the 30-day time limit prescribed by 28 U.S.C. §1446(b).

To put in perspective Defendant's accusations of deceit by Plaintiff's counsel, it is helpful to recall the days years ago, prior to *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*, 119 S. Ct. 1322 (1999), when the mere receipt of a "courtesy copy" of a complaint to a defendant or its counsel was deemed to trigger the running of the 30 days for removal. Under the rationale the Defendant foreign corporation advocates, a plaintiff's lawyer's service of such a "courtesy copy" in those days would have constituted sanctionable "trickery," "bait and switch," and "bad faith" meriting sanctions. Yet, Defendant has filed no authority reflecting that a plaintiff's counsel serving a courtesy copy was under any duty to educate the defendant that its 30 days to remove

had begun running by virtue of such service.   In those pre-*Murphy* days, many a defendant and defense counsel who did not do their research and due diligence, and consequently complacently sat on their rights for 30 days after receipt of such "courtesy copy" lost the right to remove to federal court.  Notwithstanding that the courtesy copies sent by plaintiffs' counsel in those days were often sent with the *deliberate* intention of starting the running of the defendant's 30 days to remove, the plaintiffs' counsel engaging in such practice were *not* engaging in bad faith by sending such "courtesy copy" for the purpose of starting the clock running on the defendant's 30 days to remove, and such plaintiff's counsel certainly were never sanctioned for having used a courtesy copy to out-fox the defendant.  In  instances in which a defendant in those days was duped by service of such a courtesy copy, defense counsel usually recognized they simply had been caught asleep at the wheel and then faced the consequential remand – without blaming plaintiff's counsel for their plight.

Seeing Plaintiff's counsel's unnecessary use of, and reference to, the "Notice and Acknowledgment of Receipt – Civil" form, Defendant elected, totally on its own volition, to sit on its rights.  Rather than admit its lawyers did not exercise due diligence, Defendant instead resorts to ridiculing Plaintiff's counsel over Defendant's counsel's failure to remove within 33 days of Defendant's receipt of the certified letter serving process.

Absent credible evidence of intentional deception by Plaintiff's counsel, *of which there is none,* Defendant's failure to consider the application of Code Civ. P. §415.40 appears to have been a deliberate and calculated risk taken by defense counsel.  It is unfair and unreasonable to permit Defendant to avoid the consequences of its own inadvertence.

\\\

\\\

Several factors support denial of Defendant's request for imposition of sanctions:

• The facts in Mr. Luchetti's case, entailing a corporate general counsel's delegation of authority to receive communication and "additional information" to one of his subordinate lawyers in his law department, appears to be a case of first impression.

• Plaintiff's counsel, incident to Plaintiff's counsel's initial April 2, 2008, meet-and-confer e-mail to Defendant's outside counsel, asserted as follows:

> The Hershey Company was served pursuant to Code Civ. P. §415.40 on February 16, exactly ten (10) days after I mailed the certified letter to house counsel Scalia. Accordingly, the 30 days to remove expired on March 17.
> If you have contrary legal authority, please immediately apprise me – I learn something just about every day in this business. Otherwise, if you do not have contrary authority, Plaintiff Larry Luchetti respectfully asks The Hershey Company to stipulate to a remand without the necessity of Mr. Luchetti having to incur the costs and attorney fees that will be attendant to a motion to remand.

(Bartley Decl. in Support of Motion to Remand, Exh. D.)

Yet, as of April 23, 2008, fully three (3) weeks later, with only a few days left for Plaintiff to file his motion to remand, Defendant's outside counsel had not produced *any* authority suggesting that in a situation where the Plaintiff's counsel had contacted the general counsel, secretary, and vice president of a defendant foreign corporation, such officer's directive mandating that continued correspondence be solely with his labor counsel would serve to insulate the General Counsel from service by mail via Code Civ. P. 415.40. Accordingly, Plaintiff, because of the strict 30-day time limit for filing a motion to remand, on April 23, 2008, proceeded with the filing of his motion to remand. (Bartley Decl. in Opp. to Motion for Sanctions, ¶ 4.)

Plaintiff's counsel, based upon the representations of Labor Counsel Scalia to Plaintiff's counsel and based upon Plaintiff's counsel's own nine years experience working as corporate

house counsel with two large corporations, appears to have formulated a good faith belief that Defendant's General Counsel Burton H. Snyder had delegated *all* responsibility for this case to his subordinate, Labor Counsel Christopher Scalia. (Bartley Decl. in Opp. to Motion for Sanctions, ¶¶ 5,6)

### The Pot Calling the Kettle Black

Defendant, by accusing Plaintiff's counsel of bad faith conduct, is the pot calling the kettle black, given that Defendant appears to have intentionally avoiding disclosing to the court precisely which attorney at its Law Department delegated to outside counsel Miller Law Group the authority to accept service of process. Such conduct by itself is sanctionable under the Court's inherent power. See *Lipsig v. National Student Marketing Corp.*, 663 F. 2d 178, 181 (DC Cir. 1980) (held where an attorney seriously misleads the court by omitting material evidence, such is bad faith conduct, sanctionable under the court's inherent power). Sanctions under the Court's inherent power are *particularly appropriate* for fraud practiced upon the court. *Chambers, supra,* 111 S. Ct. At 2138, fn. 17. "Fraud on the court" occurs when an officer of the court perpetrates a fraud that affects the ability of the court or jury to judge the case impartially. It "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Pumphrey v. K.W. Thompson Tool Co.*, 62 F. 3d 1128, 1131 (9th Cir. 1995) (internal quotes omitted). Further, 28 U.S.C. §1446(a) refers to Fed. R. Civ. P. 11 and may provide stiff sanctions for improper removal.

Under the totality of these circumstances, Defendant foreign corporation's demand for sanctions is without merit, and represents an attempt to circumvent the safe harbor protections afforded by FRCP 11.

\\\

1

**RULING**

2

        Plaintiff Larry Luchetti's motion to remand this case to the Superior Court of Alameda

3

County, California, is GRANTED.

4

        Defendant The Hershey Company's motion for sanctions against is DENIED.

5

6

        It is SO ORDERED.

7

8

DATED:  June ____, 2008

9

10

_____

HON. SUSAN ILLSTON, JUDGE

11

UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

3        The undersigned declares he/she is employed in the county of Marin, State of California, by Daniel Robert Bartley Law Offices, P.O. Box 686, Novato, CA, 94948-0686.  I am over the age of 18 and not a party to this action.

4

5        On today's date, I served, via e-mail and first class mail, a true and correct copy of **"[PLAINTIFF'S PROPOSED] ORDER REMANDING CASE AND DENYING DEFENDANT'S MOTION FOR SANCTIONS."**

6

7        Such was served upon defense counsel as follows:

8

9              Michele Ballard Miller, Esq.
             Miller Law Group

10             500 Sansome Street, Suite 400
             San Francisco, CA 94111

11             Telephone 415-464-4300
             Fax 415-464-4336

12             E-mail mbm@MillerLawGroup.com

13

14        I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on this 23rd day of May, 2008, at Novato, Marin County, California.

15

16                                                    s/

17                                                    _____
                                                     Daniel Robert Bartley

18

19

20

21

22

23

24

25

26

27

28

Order Remanding Case and Denying Motion for Sanctions - *Luchetti v. The Hershey Company*