Daniel Robert Bartley, SBN 79586
Daniel Robert Bartley Law Offices
Mail:  P.O.  Box 686, Novato, CA 94948-0686
St:  7665 Redwood Bvd, Ste 200, Novato, CA 94945-1405
Tel 415 898 4741 • Fax 415 898 4841
E-mail danielbartleylaw@aol.com

Attorney for Plaintiff Larry Luchetti

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LUCHETTI,<br><br>       Plaintiff,<br><br>v.<br><br>THE HERSHEY COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>       Defendants.<br>_____ | Case No. CV 08 1629 SI<br><br>**PROOF OF SERVICE UPON DEFENDANT THE HERSHEY COMPANY OF SUMMONS, COMPLAINT, AND OTHER PAPERS VIA CERTIFIED MAIL, PURSUANT TO CODE CIV. P. § 415.40**<br><br>Judge: Hon. Susan Illston, U.S. District Judge<br>Date:  Friday, June 6, 2008<br>Time:  9:00 A.M.<br>Ctrm:  SF Courtroom 10, 19th Floor |

    The undersigned, Daniel R. Bartley, under penalty of perjury under the laws of the United States and the State of California, declares the following to be true, to be facts of which I have personal knowledge, and to be facts to which I am willing and competent to testify if called upon to do so:

    1.  I am counsel for Plaintiff Larry Luchetti in this action, and have been so from its inception.

    2.  Attached hereto as Exhibit A is a true and correct copy of an October 15, 2007, letter that I mailed to Hershey Foods Corporation, a/k/a The Hershey Company, addressed to Mr.

Bartley Declaration. in Support of Motion to Remand - *Luchetti v. The Hershey Company and Does 1-100*    1

Burton H. Snyder, Senior Vice President, General Counsel, and Secretary, and three other vice presidents, all high-level Hershey executives.

3. General Counsel Snyder, rather than respond to my October 15, 2007, letter himself, apparently delegated to his direct subordinate, Labor Counsel Christopher Scalia, Mr. Snyder's authority to reply to my October 15, 2007, letter. Attached hereto as Exhibit B is a true and correct copy of the October 30, 2007, reply letter to my October 15, 2007, letter addressed to General Counsel Snyder and the other three vice presidents. Such reply letter was from Christopher M. Scalia, Labor Counsel, of the in-house law department of The Hershey Company, in the place and stead of General Counsel Snyder and the three other vice presidents. Mr. Scalia, in such letter, kindly asserted, in pertinent part:

- "Your October 15, letter to Burton H. Snyder, Marcella K. Arline, Gregg A. Tanner, and Daniel T. Darcy has been directed to me for a response."
- "In the future, please correspond only with me."
- "Please contact me if you have additional information you would like Hershey to consider."

4. I inferred from these unequivocal and all-encompassing statements by Labor Counsel Scalia that General Counsel Snyder had delegated to Mr. Scalia full authority not only to receive all *correspondence* regarding this case, but also all *additional information*, including but not limited to service of process that would otherwise go to Mr. Snyder, Ms. Arline, Mr. Tanner, or Mr. Daniel. I did so with the full realization that if I attempted certified mail upon Ms. Arline, Mr. Tanner, or Ms. Darcy, such non-lawyer may not know the consequences of such service, including the running of 30-day deadline for removal to federal court.

5. I felt *ethically* and *legally* compelled to honor and respect Mr. Scalia's request, and

indeed *did* honor and respect such request Mr. Scalia's request that I direct all future correspondence and "additional information" regarding the case solely to Mr. Scalia, as opposed to Marcella K. Arlline, Gregg A. Tanner, or Daniel T. Darcy.  I did so even though I at the time knew full well that serving process upon house counsel likely would eliminate any chance that The Hershey Company would fail file removal papers within the 30-day time limit prescribed by 28 U.S.C. §1446(b).  I tried to imagine myself in Mr. Scalia's position, and, doing so, I was firmly convinced that the right thing to do was to respect and honor his request.

6. Attached hereto as Exhibit C is a true and correct copy of my February 6, 2008, *certified* letter, sans attachments, to Christopher Scalia, Labor Counsel of The Hershey Company, serving The Hershey Company the following process:

> 1) Notice and Acknowledgment of Receipt - Civil (2 copies. w/return envelope)
> 2) Civil Case Cover sheet
> 3) Summons
> 4) Complaint
> 5) Cal. Code of Civil Procedure §998 Offer to Compromise
> 6) Notice of Case Management Conference and Order
> 7) Notice of Judicial Assignment for All Purposes

7. Included within the attached Exhibit C are the U.S. Postal Service "Certified Mail Receipt", reflecting the February 7, 2008, date such February 6, 2008, letter was actually sent, and the U.S. Postal Service "Domestic Return Receipt", front and back, reflecting the February 11, 2008, date such certified letter was received and signed for by The Hershey Company.  I intended such certified correspondence to constitute service of process via certified mail under California law.

8. But for Mr. Scalia's above-stated directives, implying that his General Counsel had delegated General Counsel's responsibilities vis-a-vis the case, I absolutely would have addressed and sent the subject service by certified mail to either Burton H. Snyder, General Counsel, Senior

Vice President and Secretary, or to one of the other three vice presidents, all of whom, by virtue of their titles alone, had authority to accept service of process. However, I honored The Hershey Company's request that I direct "all" future communications and "additional information" solely to Mr. Scalia.

9. I inferred that Mr. Scalia that he was speaking for and at the direction of his General Counsel, Mr. Snyder, when Mr. Scalia, in replying to my letter to Mr. Snyder, made clear that all future communications, including "additional information", be directed solely to Mr. Scalia. *I fully believed, and continue to believe, that Mr. Scalia had ostensible authority, in General Counsel Snyder's place and stead, to receive the certified mail serving General Counsel the summons and related papers.*

10. According to its records on file with the California Secretary of State, The Hershey Company is a corporation incorporated in the state of Delaware, and its headquarters offices are located at Hershey 100 Crystal Drive, Hershey, PA 17033-0810. The Hershey Company accordingly is a "person outside this state" as that term is used in Cal. Code Civ. P. § 415.40, a California statute on service of process. Such statute states: "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." I did accomplish such service, on February 11, 2008. Defendant The Hershey Company filed its notice of removal on March 26, 2008, fully forty-four (44) days later.

EXECUTED this 25th day of April, 2008, at Novato, Marin County, California.

s/
_____
Daniel Robert Bartley
Attorney for Plaintiff Larry Luchetti

**PROOF OF SERVICE**

The undersigned declares he/she is employed in the county of Marin, State of California, by Daniel Robert Bartley Law Offices, P.O. Box 686, Novato, CA, 94948-0686. I am over the age of 18 and not a party to this action.

On today's date, I served, via e-mail, a true and correct copy of "**PROOF OF SERVICE UPON DEFENDANT THE HERSHEY COMPANY OF SUMMONS, COMPLAINT, AND OTHER PAPERS VIA CERTIFIED MAIL, PURSUANT TO CODE CIV. P. § 415.40 .**"

Such was served upon defense counsel as follows:

> Michele Ballard Miller, Esq.
> Miller Law Group
> 500 Sansome Street, Suite 400
> San Francisco, CA 94111
> Telephone 415-464-4300
> Fax 415-464-4336
> E-mail mbm@MillerLawGroup.com

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on this 23rd day of May, 2008, at Novato, Marin County, California.

s/
_____
Daniel Robert Bartley

# EXHIBIT A

LAW OFFICES OF
**DANIEL ROBERT BARTLEY**
Telephone 415 898 4741 • Fax 415 898 4841
E-mail DanielBartleyLaw@aol.com
Website BartleyLawOffice.com
CA SBN 79586 • KY SBN 3650 • FL SBN 154584

Address for all mail:
Post Office Box 686
Novato, CA 94948-0686

Street address:
7665 Redwood Blvd., Ste. 200
Novato, CA 94945-1405

October 15, 2007

Mr. Burton H. Snyder, Sr. V.P., General Counsel, and Secretary
Ms. Marcella K. Arline, Sr. V.P., Human Resources and Corporate Affairs
Mr. Gregg A. Tanner, Senior V.P., Global Operations
Mr. Daniel T. Darcy, V.P., Manufacturing, North America
Hershey Foods Corporation, a/k/a The Hershey Company
Post Office Box 810
Hershey, PA  17033-0810

   Re:  Confidential Communication Pursuant to California Civil Code § 1152

Dear Mr. Snyder, Ms. Arline, Mr. Tanner, and Mr. Darcy:

   I write you to introduce myself as counsel for 61-year-old Larry Luchetti, who first was employed as a Production Supervisor at your plant in San Francisco, and then was moved to your Berkeley operations.  My areas of expertise are whistleblower law and wrongful termination.

   Mr. Luchetti discharge occurred after he consistently complained about a machinery safety problem, exposing your employees to risk of loss of fingers, hands, or more.  Because he stood steadfast in his insistence that such safety problem be addressed, he was accused of not being a team player, was never given proper managerial authority, and was subjected to unwarranted scrutiny and criticism in an effort to find pretext to support terminating his employment.

   California Labor Code § 6310(b) prohibits discharging, threatening with discharge, demoting, suspending, or in any other manner discriminating against (in the terms and conditions of employment), because the employee has made a bona fide oral or written complaint to the employer about unsafe working conditions, or work practices.  Such statute entitles one to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

   Mr. Luchetti's salary was $69,000 annually.  His termination date was Friday, May 11, 2007.  The ensuing Monday, May 14, 2007, he reported the safety issue to CAL-OSHA.

   As an alternative to filing a court complaint out of the gate, I offer a sit-down meeting with Mr. Luchetti and me in an effort to:  (1) explain and address the safety concern, for sake of protecting your existing employees; (2) discuss fair, reasonable, and fully confidential compensation to Mr. Luchetti for injury caused by his discharge; and (3) explore reasonable measures to help preserve and protect Mr. Luchetti's reputation.  We would especially welcome any of your headquarters professionals conversant in safety, HR, and employment law issues.

   My office line is 415 898 4741, and my e-mail address is DanielBartleyLaw@aol.com.  Please feel free to contact me by phone or e-mail.

                  Very truly yours,

                   Daniel Robert Bartley

cc  Larry Luchetti

# EXHIBIT B



The Hershey Company

100 Crystal A Drive
P. O. Box 810
Hershey, PA 17033-0810
Phone: 717-534-6689
Fax: 717-534-7549
cscalia@hersheys.com

**CHRISTOPHER M. SCALIA**
Labor Counsel

October 30, 2007

***VIA FACSIMILE & EMAIL***
Daniel R. Bartley
7665 Redwood Blvd., Ste. 200
Novato, CA 94945-1405

Dear Mr. Bartley:

Your October 15, 2007 letter to Burton H. Snyder, Marcella K. Arline, Gregg A. Tanner and Daniel T. Darcy has been directed to me for a response. In the future, please correspond only with me. The Hershey Company ("Hershey") has reviewed the allegations contained in your letter and examined the facts surrounding Mr. Lucetti's termination from employment. We do not agree with your position and find that Mr. Lucetti's termination was proper under the circumstances. Accordingly, Hershey declines both your request for a sit-down meeting on this matter as well as your invitation to reinstate Mr. Lucetti.

The issue before us is one of poor job performance, not retaliation for whistle blower activity. To that end, it is noted that your client allegedly complained to CAL-OSHA <u>after</u> his employment ended, which is hardly sufficient to maintain a legal claim premised on retaliation. Moreover, and as you will see in the detailed documentation concerning Mr. Lucetti's poor performance, enforcing and establishing a safety program was one of the areas in which Mr. Lucetti had to improve. His failure to meet those expectations was one of the many reasons he was terminated.

Please contact me if you have additional information you would like Hershey to consider.

Sincerely,

[signature]

Christopher M. Scalia, Esq.

CMS:bg

53803v50

100 Crystal A Drive • PO Box 810 • Hershey, Pennsylvania 17033-0810 • (717) 534-4200

EXHIBIT C

LAW OFFICES OF
# DANIEL ROBERT BARTLEY
Telephone 415 898 4741 • Fax 415 898 4841
E-mail DanielBartleyLaw@aol.com
Website BartleyLawOffice.com
CA SBN 79586 • KY SBN 3650 • FL SBN 154584

Address for all mail:
Post Office Box 686
Novato, CA 94948-0686

Street address:
7665 Redwood Blvd., Ste. 200
Novato, CA 94945-1405

February 6, 2008

Christopher M. Scalia, Labor Counsel
The Hershey Conmpany
100 Crystal A Drive
P.O. Box 810
Hershey, PA 17033-0810

Re: *Luchetti v. The Hershey Company* – Alameda Superior Court Case No. RG08367616

Dear Mr. Scalia:

I appreciate the courtesy you showed via your October 30, 2007, letter. I apologize for the delay in getting back to you – I have been in back-to-back trials, pretty much monopolizing my time, from November 26 through January 25.

I provide to you the following:

1) Notice and Acknowledgment of Receipt – Civil (2 copies, w/return envelope)
2) Civil Case Cover sheet
3) Summons
4) Complaint
5) CCP §998 Offer to Compromise
6) Notice of Case Management Conference and Order
7) Notice of Judicial Assignment for All Purposes

I must say it's a little hard suing The Hershey Company – not unlike suing Santa Claus, because so many of us have such fond life-long memories of your products. Further, those, like myself, who have ever been fortunate enough to visit your headquarters at Hershey, Pennsylvania, and the lovely resort there count that visit as one of the most fun times ever. But, even great companies like yours sometimes have disagreements among managers out in the field.

In any event, let's see how this goes. It is always possible that, with a little discovery done on both sides, you and I in a few months will both know a lot more about the case and will be in a better position to know whether we can reach a fair and reasonable compromise resolution.

I am hoping you are willing to accept service and toward that end will execute and return the enclosed Notice and Acknowledgment of Receipt. If you or your outside counsel need any extension of time to answer or otherwise plead, such will be no problem at all.

Very truly yours,

Daniel Robert Bartley

P.S.    I'm sure you get asked this all the time: Are you any relation to Justice Scalia?



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Christopher M. Scalia,
    Labor Counsel
    The Hershey Company
    100 Crystal A Drive
    P.O. Box 810
    Hershey, PA 17033-0810

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _[signature]_  ☒ Agent  ☐ Addressee

B. Received by (Printed Name): Hill Craig
C. Date of Delivery: 2-11-08

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label):  7007 0710 0002 6277 9678

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



# EXHIBIT D

From: DanielBartleyLaw@aol.com
Full-name: DanielBartleyLaw
Message-ID: <c19.341afe67.35258782@aol.com>
Date: Wed, 2 Apr 2008 21:06:10 EDT
Subject: Meet-and-confer regarding remand of removal . . .
To: lch@millerlawgroup.com, clb@millerlawgroup.com, tew@millerlawgroup.com
CC: DanielBartleyLaw@aol.com

Dear Counsel:

At my law office is a certified mail receipt reflecting the mailing of the complaint and summons to The Hershey Company on February 6, 2008, specifically to its house counsel, Christopher Scalia. Also at my law office is a green return receipt card, reflecting receipt on or about February 8, 2008. (I am not in my office right now and accordingly do not have the green certified mail return receipt card with me -- I am speaking from memory -- I could be off a day or two. I do, however, have with me an electronic copy of my February 6 cover letter to house counsel Scalia.)

I realize that it was significantly later (February 26) that you, Ms. Hamasaki, signed and returned the notice and acknowledgment" form to perfect service under CCP §415.30, so service clearly was *not* perfected under *CCP §415.30* until February 26.

*However,* the signing of such "notice and acknowledgment" form is *not* a necessary prerequisite to the service under *CCP §415.40* being effective, so as to begin the running of Defendant's 30 days in which to remove. 28 USC §1446(b). CCP §415.40 does not carry the CCP §415.30 requirement for execution of the "notice and acknowledgment" form, *in those cases where the summons is being served on a person outside California:* "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing."

The Hershey Company was served pursuant to CCP §415.40 on February 16, exactly ten (10) days after I mailed the certified letter to house counsel Scalia. Accordingly, the 30 days to remove expired on March 17.

If you have contrary legal authority, please immediately apprise me -- I learn something just about every day in this business. Otherwise, if you do not have contrary authority, Plaintiff Larry Luchetti respectfully asks The Hershey Company to stipulate to a remand without the necessity of Mr. Luchetti having to incur the costs and attorney fees that will be attendant to a motion to remand.

Daniel Bartley

**Daniel Robert Bartley Law Offices**
E-mail **DanielBartleyLaw@aol.com**
**Website: BartleyLawOffice.com**
**Mail Address: Post Office Box 686, Novato, CA 94948 0686**
**Street Address: 7665 Redwood Blvd., Ste. 200, Novato, CA 94945 1405**
**Tel 415 898 4741 Fax 415 898 4841**

**Confidentiality Note: The information in this message is an expression of personal opinion, may constitute inside information, and/or may constitute information protected by the attorney-client privilege, the joint prosecution privilege, the common interest privilege, and/or the attorney work product privilege. This is a confidential communication intended only for the use of the individual or entity named above. If the receiver of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this message is strictly prohibited. If you have received this e-mail in error, please immediately notify us by e-mail or telephone (415 898 4741), and please destroy any copies you may have made of this message. This e-mail is protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521.**