IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LUCHETTI, | No. C 08-1629 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** |
| v. | |
| THE HERSHEY COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive, | |
| Defendants. / | |

Plaintiff has filed a motion to remand this action to state court where it was filed. The motion is scheduled for a hearing on June 6, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For reasons set out below, the motion to remand is DENIED.

**BACKGROUND**

Defendant The Hershey Corporation, a corporation incorporated in Delaware and headquartered in Pennsylvania, employed plaintiff Larry Luchetti as a production supervisor at its San Francisco plant, and then moved plaintiff to its Berkeley operations. Defendant terminated plaintiff's employment on May 11, 2007.

On January 24, 2008, plaintiff filed a complaint for damages against defendant in Alameda County Superior Court, alleging wrongful termination in violation of Cal. Lab. Code § 1102.5.

On February 7, 2008, plaintiff's counsel Daniel Bartley sent a letter dated February 6, 2008 to defendant's in-house counsel Christopher Scalia. The letter was sent via certified mail and was

accompanied by a summons, a verified copy of the complaint and two copies of a Cal. Code Civ. Proc. § 415.30[1] "Notice and Acknowledgment of Receipt of Summons–Civil" Judicial Council form ("§ 415.30 Notice and Acknowledgment") with a pre-paid return envelope, among other documents ("February 7, 2008 correspondence"). Scalia Decl., Def.'s Opp'n Ex. C. The cover letter stated, "I am hoping you are willing to accept service and toward that end will execute and return the enclosed Notice and Acknowledgment of Receipt." *Id.* In pertinent part, the § 415.30 Notice and Acknowledgment stated that defendant was "being served pursuant to section 415.30 of the California Code of Civil Procedure" and that "failure to complete [the] form and return it within 20 days from the date of mailing...may subject [defendant] to liability for the payment of any expenses incurred in serving a summons...in any other manner permitted by law." *Id.* Ex. D.

Bartley also emailed Scalia copies of the February 7, 2008 correspondence. Scalia informed Bartley that the Miller Law Group would be plaintiff's "point of contact going forward." Bartley Decl., Pl.'s Reply Ex. A.

On February 26, 2008, Lisa C. Hamasaki of Miller Law Group executed the § 415.30 Notice and Acknowledgment for defendant and returned it to Bartley, completing service under § 415.30. Miller Decl., Def.'s Opp'n Ex. A.

On March 17, Bartley sent an email to Miller stating, "I do not believe I have yet heard from you" regarding the February 7, 2008 correspondence and specifically referencing the § 415.30 Notice and Acknowledgment ("Judicial Council 'request for acknowledgment of receipt' form"). *Id.* Ex. B. Bartley further wrote,

> Even though this makes the cost of any subsequent personal service your client's responsibility, I would prefer to enable your client to avoid incurring the expense of personal service... Accordingly, please let me know if we can stipulate to a date by which Defendant's responsive pleading is due.

*Id.* In reply, Miller emailed a copy of the executed § 415.30 Notice and Acknowledgment executed by Hamasaki and returned to Bartley on February 26, 2008. *Id.* Ex. C.

On March 26, 2008, defendant filed notice of removal of action pursuant to 28 U.S.C. §§ 1332

---

[1] Except where otherwise indicated, all further code references are to the California Code of Civil Procedure.

2

diversity jurisdiction. Def.'s Notice of Removal at ¶¶ 4-8. In its filing, defendant stated that formal service of process was completed as of Hamasaki's February 26, 2008 execution and return of the § 415.30 Notice and Acknowledgment, so that fewer than 30 days had elapsed prior to the filing of the removal notice, in accordance with 28 U.S.C. § 1446(b). *Id.* at ¶¶ 2, 3.

In an April 2, 2008 email to defendant's counsel, Bartley stated that though Hamasaki's February 26, 2008 execution and return of the § 415.30 Notice and Acknowledgment perfected service under § 415.30, such perfection of service is not a necessary prerequisite to effect service under the alternate mail service provisions of § 415.40. Bartley Decl., Pl.'s Motion Ex. D. Under § 415.40, service is deemed complete on the 10th day after a copy of the summons and complaint are sent "to the person to be served by first-class mail, postage prepaid, requiring a return receipt." In the April 2, 2008 email, Bartley wrote that, under § 415.40, defendant was served "exactly ten (10) days" after Bartley sent the February 7, 2008 correspondence, meaning defendant's 30 days for U.S.C. § 1446(b) removal expired on March 18, 2008. As defendant filed its notice of removal on March 26, 2008, Bartley asserted that such removal was untimely and asked defendant to "stipulate to a remand." Bartley Decl., Pl.'s Motion Ex. D.

On April 25, 2008, plaintiff filed a motion to remand on the grounds that defendant's March 26, 2008 removal was untimely and improper under 28 U.S.C. § 1446(b). Defendant opposes the remand motion and seeks sanctions for plaintiff's "disingenuous" motion.

**LEGAL STANDARDS**

**1.    Removal jurisdiction**

A defendant may remove any civil action brought in a state court over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Original federal jurisdiction embraces an action founded on a claim or right arising under the Constitution, treaties or laws of the United States (federal question jurisdiction), 28 U.S.C. § 1331, or an action between citizens of two different states and with a matter in controversy exceeding $75,000 (diversity jurisdiction), 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a), (b). Federal law expressly provides that a district court shall remand any action in which subject-matter jurisdiction is lacking. 28 U.S.C. § 1447(c).

3

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," courts must strictly construe the removal statute against removal jurisdiction. *Duncan v. Stuezle*, 76 F. 3d 1480, 1485 (9th Cir. 1996) (*quoting Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108 (1941)); *see Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir 1988); *see also Petrie v. Pacific Stock Exchange, Inc.*, 982 F.Supp 1390, 1393 (N.D. Cal. 1997) ("the court must reject federal jurisdiction if there is any doubt as to whether removal was proper"). The burden of establishing grounds for federal jurisdiction rests on the removing party. *Emrich v. Touche-Ross & Co.*, 846 F. 2d 1190, 1195 (9th Cir. 1988) (citations omitted); *see also Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992) ("the 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper").

**2.   Timeliness of removal**

For a removal to be timely, a defendant wishing to remove a case from state court to federal court must file a notice of removal within 30 days of receiving "through service or otherwise [a] copy of the initial pleading setting forth the claim for relief..." 28 U.S.C. § 1446(b). "The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir.). "Although the time limit is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights." *Id.*

Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30-day removal period because it "assures defendants adequate time to decide whether to remove an action to federal court." *See Murphy Brothers, Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 352-54 ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process").

4

**DISCUSSION**

**1.  Timeliness of removal**

    **A.  Defendant's March 26, 2008 removal was timely because defendant's 30-day period for removal was triggered by completion of formal service under § 415.30 on February 26, 2008.**

Under § 415.30, a plaintiff may validly serve process on a defendant by mail where the mailing includes a copy of the summons and complaint together with two copies of the notice and acknowledgment form approved by the Judicial Council of California and a pre-paid return envelope addressed to sender. Service is complete under this section on the date the form is executed provided that it is returned to the sender. In the case of service on a corporation, a person authorized to receive such service must execute the form in a representative capacity. If the recipient of service does not execute within 20 days of the mailing, the recipient may be liable for the costs of the sender employing an alternate method of service.

Here, plaintiff's February 7, 2008 correspondence expressly invoked certified mail service under § 415.30 and complied with its provisions for formal service of process. *See* Scalia Decl., Def.'s Opp'n Ex. C; *see* § 415.30. The February 7, 2008 correspondence served defendant with a copy of the summons and complaint together with two copies of the Notice and Acknowledgment form and a pre-paid return envelope addressed to the plaintiff's counsel Bartley. *See id.* Bartley's cover letter to the February 7, 2008 correspondence *expressly asked* defendant to consent to service under § 415.30. *See* Scalia Decl., Def.'s Opp'n Ex. C (Bartley wrote, "I am hoping you are willing to accept service and toward that end will execute and return the enclosed Notice and Acknowledgment of Receipt."). The Notice and Acknowledgment form enclosed in the February 7, 2008 correspondence *specifically advised* defendant that (1) the summons and complaint were being served "pursuant to section 415.30 of the California Code of Civil Procedure," (2) defendant's failure to execute and return the form within 20 days would subject it to liability for the costs of plaintiff employing an alternate method of service and (3) service would be deemed complete on the day defendant executed the Notice and Acknowledgment form. *See* Scalia Decl., Def.'s Opp'n Ex. D. Based on Bartley's cover letter and the contents of the Notice and Acknowledgment form, plaintiff *expressly informed* defendant that it was being served under § 415.30 and that its execution and return of the § 415.30 Notice and Acknowledgment form would

5

complete such service. *See* Def.'s Opp'n at 2-3, 7.

On February 26, 2008, 19 days after plaintiff mailed service, defendant's outside counsel Hamasaki executed and returned the Notice and Acknowledgment form on behalf of defendant corporation. *See* Scalia Decl., Def. Opp'n Ex. E. Hamasaki's execution completed plaintiff's formal service of process under § 415.30 and triggered defendant's 30-day period to file notice of removal. *See* 28 U.S.C. § 1446(b) and *Murphy*, 526 U.S. at 347-48, 354. Defendant filed timely notice of removal in the Court 29 days later on March 26, 2008. *See id.*

### B. As *only after* defendant's removal did plaintiff contend that he served defendant under the alternate provisions of § 415.40, plaintiff is estopped from asserting defendant's removal was untimely

Plaintiff seeks remand on the basis that, despite his representation to the contrary in the correspondence he sent defendant, he really meant to serve defendant under the alternate provisions of § 415.40. Had he done so, service would have been effective ten days after his February 7, 2008 correspondence, on February 17, 2008, rendering defendant's March 26, 2008 removal untimely. *See* Pl.'s Motion at 1-2 and Bartley Decl. in Opp'n to Def.'s Motion for Sanctions ¶ 2-4.

It was *only after* defendant's removal that plaintiff made this contention. Def.'s Opp'n at 1, 4-6. In *Fristoe*, the 9th Circuit held that although the time limit for removal is mandatory, it is a formal, not jurisdictional, requirement such that a party, based on its conduct, may be estopped from later objecting to the untimeliness of defendant's removal to federal court. *Fristoe*, 615 F.2d at 1212-13; *see Transport Idemnity Co. v. United States*, 339 F. Supp. 405, 417 (C.D. Cal. 1972) (noting that a plaintiff may be estopped from arguing untimely removal where the plaintiff's "affirmative conduct or unequivocal assent . . . would render it offensive to fundamental principles of fairness to remand") (*quoting Maybruck v. Haim*, 290 F. Supp. 721, 723-24 (S.D.N.Y. 1968); and *Staples v. Morton*, 444 F. Supp. 1312, 1314 (E.D.N.Y. 1972) (holding that plaintiff's claim of untimely removal may be waived or barred by estoppel where defendant's reliance on plaintiff's representations caused a delay in its filing of removal).

Here, plaintiff does not deny that he properly served defendant under § 415.30. Likewise, he does not deny that he represented to defendant that he was seeking to effect service under that provision

or that defendant relied on that representation in consenting to such service and subsequently filing its notice of removal. Instead, plaintiff argues that he hoped the February 7, 2008 correspondence would constitute valid service under § 415.40, but was uncertain enough about what was lawful service that he actually served defendant under both sections as a way of ensuring that there would be no disputes over service. *See* Pl.'s Motion at 1-2; Bartley Decl. in Opp'n to Def.'s Motion for Sanctions ¶ 2-4. Plaintiff only "felt it necessary" to conduct legal research into the minutiae of service *after* defendant's removal, at which time plaintiff learned of the possibility that he had effected service under the alternate provisions of § 415.40. *See id.*

The problem is, of course, that plaintiff's conduct and prior express representations to defendant were contrary to this new-found, double-barreled approach. Not only did the February 7 correspondence represent that service was being effected under § 415.30, but plaintiff's follow-up March 17, 2008 email to defendant's outside counsel Miller repeated the representation. *See* Miller Decl., Def. Opp'n Ex. B. In the email, plaintiff inquired about whether Miller had received the "Judicial Council 'request for acknowledgment of receipt' form" for § 415.30 service and urged Miller to return it promptly to enable defendant to "avoid incurring the expense of personal service" as provided by § 415.30. *See id.*

*Only after* defendant's removal did plaintiff claim that service was actually effected under § 415.40 at an earlier date (February 17, 2008), making defendant's removal untimely. *See* Miller Decl., Def. Opp'n Ex. D. Plaintiff's conduct here offends "fundamental principles of fairness" and is the sort that precludes a plaintiff from later objecting to the untimeliness of defendant's removal. *See Transport*, 339 F. Supp. at 417 (*quoting Maybruck*, 290 F. Supp. at 723-24); *Fristoe*, 615 F.2d at 1212-13. Defendant was entitled to rely on plaintiff's express representations of service under § 415.30 and to base its removal on the timeline set out in that code section.

**C.    The Court need not reach the issue of whether plaintiff effected service under § 415.40.**

Plaintiff contends and defendant disputes that plaintiff effected service under § 415.40 by substantially complying with that section, thereby triggering defendant's 30-day removal period on February 17, 2008 and making untimely defendant's removal. *See* Pl.'s Reply at 1-9. Even if plaintiff

7

did substantially comply with § 415.40, plaintiff is estopped from making such an argument, per the above analysis. Therefore, the Court need not reach this issue.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion for remand and retains jurisdiction over the case. The Court DENIES defendant's request for sanctions, although it is a close question.

**IT IS SO ORDERED.**

Dated: June 4, 2008

SUSAN ILLSTON
United States District Judge