Michele Ballard Miller (SBN 104198)
  mbm@millerlawgroup.com
Lisa C. Hamasaki (SBN 197628)
  lch@millerlawgroup.com
Claudia J. Castillo (SBN 215603)
  cjc@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
500 Sansome Street, Suite 400
San Francisco, CA 94111
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
THE HERSHEY COMPANY

Daniel Robert Bartley (SBN 79586)
  danielbartleylaw@aol.com
Daniel Robert Bartley Law Offices
Mail: P.O. Box 686, Novato, CA 94948-0686
St: 7665 Redwood Blvd., Ste 200, Novato, CA 94945-1405
Tel. (415) 898-4741
Fax. (410 898-4841

Attorney for Plaintiff LARRY LUCHETTI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LUCHETTI, <br><br> Plaintiff, <br><br> v. <br><br> THE HERSHEY COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: C 08-1629 SI <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

**JOINT CASE MANAGEMENT STATEMENT**
**Case No.: C 08-1629 SI**

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.**

The Court has subject matter jurisdiction over Plaintiff's claim. Plaintiff originally filed this action in Alameda Superior Court on January 24, 2008. On March 26, 2008, Defendant timely removed the action to this Court on the basis of diversity jurisdiction. Although Plaintiff subsequently filed a motion to remand, that motion was denied on June 4, 2008. All parties have been served at this time.

**2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.**

**(a)    A brief chronology of the facts underlying the action.**

This is an employment case. Plaintiff worked in different capacities for two Hershey subsidiaries - initially as Floor Supervisor at Joseph Schmidt Confections in San Francisco and later as a Production Supervisor/Safety Officer at Scharffen Berger Chocolate Maker ("Scharffen Berger") – from June 7, 2006 until May 11, 2007.

Plaintiff was terminated on May 11, 2007 from his position at Scharffen Berger. Defendant contends that Plaintiff was terminated for failing to adequately perform his job. In particular, Defendant contends that Plaintiff (1) refused to be a team player despite

Defendant's efforts to coach and assist Plaintiff to build strong working relationships, (2) was given substantial managerial authority but refused and failed to exercise his authority and take a leadership role, often deferring to a third party to carry out his work responsibilities, and (3) was terminated as a result of his poor work performance despite repeated warnings that his performance was sub-par. Indeed, notwithstanding the fact that Plaintiff was placed on a "Performance Improvement Plan" in early February 2007, Plaintiff failed to achieve and sustain acceptable performance.

Plaintiff contends that his termination was done in retaliation for complaining about a machinery safety problem. Specifically, Plaintiff contends that he was terminated shortly after he consistently complained to Defendant's management about a machinery safety problem, exposing Defendant's employees to risk of loss of fingers, hands, or more. He further alleges that he was (1) accused of not being a "team player," (2) never given proper managerial authority, and (3) subjected to unwarranted scrutiny and criticism.

Plaintiff's single cause of action alleges wrongful termination in violation of public policy as prescribed by California Labor Code § 1102.5 (the California Whistleblower Law).

**(b)    The principal factual issues which the parties dispute**

Plaintiff disputes that he was terminated due to poor performance. Defendant disputes Plaintiff's allegations of unlawful retaliation. Defendant also disputes Plaintiff's contentions that Defendant failed to appropriately investigate his alleged complaints, and disputes that Plaintiff was harmed him in any way or at all.

**3.  Legal Issues:  A brief statement, without extended legal argument, of the disputed points of law.**

2
**JOINT CASE MANAGEMENT STATEMENT**
**Case No.: C 08-1629 SI**

The parties dispute whether and to what extent the conduct alleged by Plaintiff is actionable as a matter of law, including but not limited to the following legal issues:

a. Whether and to what extent the conduct alleged by Plaintiff is actionable as a matter of law;

b. Whether Plaintiff can maintain his cause of action under California Labor Code § 1102.5 in the absence of evidence that: (1) Defendant made, adopted or enforced any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency; (2) Plaintiff failed to participate in any activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation; or (3) Plaintiff never reported any alleged conduct on behalf of Defendant to any governmental authority prior to his termination;

c. Whether Plaintiff engaged in any protected activity; and

d. Whether any of Defendant's employees or agents ever retaliated against Plaintiff for his participation in protected activity.

**4. Motions: All prior and pending motions, their current status, and any anticipated motions:**

There are no motions pending. On March 26, 2008, Defendant removed this action from the Superior Court of the State of California, County of Alameda, to this Court. On April 25, 2008, Plaintiff filed a motion to remand. The Court denied Plaintiff's motion on June 4, 2008.

Defendant anticipates filing a Motion for Summary Judgment, or Alternatively, Partial Summary Judgment. Both parties also anticipate that there may be discovery motions.

Further, if this case proceeds to trial, the parties anticipate filing motions *in limine* and other pre-trial motions. Defendant will likely also seek to bifurcate punitive damages from the liability phase of trial.

**5. Amendment of pleadings: The extent to which the parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.**

The parties do not anticipate amending their pleadings.

**6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action.**

Defendant has initiated measures to preserve potentially relevant information. Shortly after learning of the potential lawsuit and before Plaintiff filed this lawsuit, Defendant issued a Record and Data Retention Notice to all relevant persons within the company. The purpose of the Notice was to ensure the preservation of any and all potentially relevant records. Additionally, hard copy documents were collected and an electronic vault was created by Defendant to preserve all potentially relevant electronic documents.

Plaintiff's counsel has instructed Plaintiff to preserve all written and electronic communications concerning his employment.

**7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.**

The parties have agreed to exchange initial disclosures by mail on or before the

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

Court-scheduled deadline of August 29, 2008. The parties have discussed anticipated disclosures and expect full compliance with Rule 26(a)(1).

**8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f):**

To date, no discovery has been propounded by any party. Defendant anticipates producing documents with its initial disclosures. To the extent those documents contain information derived from electronic sources, Plaintiff agrees to rely on the paper records provided that in response to a written request, Defendant is able to produce sworn declarations verifying that the documents constitute true and correct reproductions of the electronic documents.

The parties estimate seven months as an appropriate time within which to conduct non-expert discovery, which would place the non-expert discovery cut-off on or about February 27, 2009. Defendant plans to depose Plaintiff as well as other witnesses whose relevance may become apparent during discovery. Given the uncertainty of the allegations set forth in Plaintiff's Complaint, Defendant anticipates that the Plaintiff's deposition may take more than one seven-hour day, and therefore sought Plaintiff's agreement permitting same. Though Plaintiff was unwilling to agree prospectively to this request, Plaintiff's counsel did indicate that he will be reasonable in allowing the deposition to extend beyond the seven-hour limitation provided a good faith effort is made to complete it within the time limitation. Defendant anticipates propounding document requests, interrogatories and requests for admissions.

Plaintiff anticipates taking approximately five to six depositions in this action, including several depositions of the person(s) most knowledgeable about certain human

resources and safety issues.  Plaintiff also plans to propound written discovery.  Plaintiff's counsel has notified Defendant of several anticipated deponents and has communicated his desire to coordinate depositions so as to minimize the burden on all parties.

The parties also propose that they disclose experts and exchange expert reports on March 16, 2009, and disclose rebuttal experts and rebuttal reports (if any) on April 16, 2009. The parties propose an expert discovery cut-off of May 18, 2009.

The parties do not currently propose any limitations or modifications of the discovery rules.  However, should Plaintiff's deposition require more than one seven-hour day to complete, Defendant will seek Plaintiff's agreement or a Court Order permitting same.  A Joint Rule 26(f) Report shall be filed by the parties at the same time as this Joint Case Management Conference Statement.

**9.     Class Actions:** This is not a class action.

**10.    Related Cases:** There are no related cases or proceedings pending before another judge of this Court, or before any other court or administrative body.

**11.    Relief:  All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.**

Plaintiff seeks the following damages:  "Compensatory damages consistent with proof; The greater of statutory penalties or punitive damages; Court costs; Prejudgment interest; Attorneys' fees according to any provision of law; Trial by jury; Such other and further relief as may be just and proper."  (*See* Compl. Prayer.)

**JOINT CASE MANAGEMENT STATEMENT**
**Case No.: C 08-1629 SI**

**12.** **Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.**

The parties met-and-conferred and agreed to Early Neutral Evaluation (ENE) pursuant to ADR Local Rule 3-5. Accordingly, on August 14, 2008, the parties filed a Stipulation and [Proposed] Order Selecting ADR Process. Defendant also filed its ADR Certification form on August 14, 2008. On August 15, 2008, the Court issued an order referring the case to ENE to be completed within 90 days of the Order. To date, the parties have not received notification of the assigned evaluator.

Defendant anticipates taking Plaintiff's deposition and conducting initial discovery prior to the ENE.

**13.** **Consent to Magistrate Judge For All Purposes:**

The parties do not consent to assignment of this case to a United States Magistrate Judge for further proceedings, including trial and entry of judgment. Defendant filed a Declination to Proceed Before a Magistrate Judge on April 2, 2008.

**14.** **Other References:**

This case is not suitable for reference to binding arbitration, a special master, or to the Judicial Panel on Multidistrict Litigation.

**15.** **Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through**

**summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses**.

Defendant anticipates filing a Motion for Summary Judgment, or Alternatively, Partial Summary Judgment. Further, if this case proceeds to trial, Defendant anticipates moving to bifurcate any determination of liability from punitive damages.

**16.    Expedited Schedule:**

This is not a case that can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conferences and trial.**

The parties have agreed, and request that the Court endorse, the following schedule:
- Non-expert discovery cut-off:  February 27, 2009.
- Dispositive motion filing deadline:  March 27, 2009.
- Disclosure of expert witnesses and exchange of expert reports by:  March 16, 2009.
- Disclosure of rebuttal expert witnesses and rebuttal expert reports (if any) by: April 16, 2009.
- Expert discovery cut-off:  May 18, 2009.
- Trial:  June 1, 2009.

**18.  Trial: Whether the case will be tried to a jury or to the Court and the expected length of time.**

Plaintiff has requested a jury trial.  The parties estimate that the trial will last seven to 10 days.

**19. <u>Disclosure of Non-party Interested Entities or Persons:</u>**

Defendant filed its Notice of Interested Entities on March 26, 2008.  As set forth in that filing, although Defendant understands it to be the only entity with a financial interest in this action or with an interest that could substantially affect the outcome of the proceedings, pursuant to Civil Local Rule 3-16, the undersigned identifies Artisan Confections Company which is a wholly owned subsidiary of The Hershey Company.

Plaintiff is an individual.  To date, Plaintiff has not filed his Notice of Interested Entities.

Dated:  August 29, 2008　　　　　　　　　MILLER LAW GROUP
　　　　　　　　　　　　　　　　　　　　　　A Professional Corporation


By:　　　　　//S//　　　　　　　　　
　　Lisa C. Hamasaki
　　Attorneys for Defendant
　　THE HERSHEY COMPANY

Dated:  August 29, 2008　　　　　　　　　DANIEL ROBERT BARTLEY LAW OFFICES


By:　　　　　//S//　　　　　　　　　
　　Daniel Robert Bartley
　　Attorneys for Plaintiff
　　LARRY LUCHETTI

# CASE MANAGEMENT ORDER

The Case Management Statement - Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. The parties are ordered to comply with the following case management dates:

Non-expert discovery cut-off: February 27, 2009.

Further joint case management conference statement due: _____.

Further case management conference: _____.

Dispositive motion filing deadline: March 27, 2009.

Disclosure of experts and exchange of expert reports by: March 16, 2009.

Disclosure of rebuttal experts and rebuttal reports (if any) by: April 16, 2009.

Expert discovery cut-off: May 18, 2009.

Pre-Trial Conference: _____.

Trial date: June 1, 2009.


Dated: _____          _____
                                    The Honorable Susan Illston
                                    United States District Judge