Michele Ballard Miller (SBN 104198)
  *mbm@millerlawgroup.com*
Lisa C. Hamasaki (SBN 197628)
  *lch@millerlawgroup.com*
Claudia J. Castillo (SBN 215603)
  *cjc@millerlawgroup.com*
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
THE HERSHEY COMPANY

Daniel Robert Bartley (SBN 79586)
  *danielbartleylaw@aol.com*
Daniel Robert Bartley Law Offices
Mail: P.O. Box 686, Novato, CA 94948-0686
St: 7665 Redwood Blvd., Ste 200, Novato, CA 94945-1405
Tel. (415) 898-4741
Fax. (410 898-4841

Attorney for Plaintiff LARRY LUCHETTI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LUCHETTI,<br><br>          Plaintiff,<br><br>v.<br><br>THE HERSHEY COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No.: C 08-1629 SI<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS** |

---

**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS**
**Case No. C 08-1629 SI**

## PURPOSE AND LIMITATIONS OF PROTECTIVE ORDER

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. In particular, the parties anticipate that in the course of litigating this case, the parties will request from one another and be compelled to disclose records and information containing confidential and proprietary business information about Defendant THE HERSHEY COMPANY (hereinafter "Defendant"), and information about Defendant's employees, both past and present, which may contain personal and confidential identifying information subject to the right of privacy guaranteed by Article I, Section 1 of the California Constitution, and under other applicable law or public policy. Such records and information is properly the subject of a protective order, as contemplated by Federal Rule of Civil Procedure 26. Accordingly, the parties have agreed that certain information may be released in discovery subject to an agreement as to how such information may be handled during the course of this litigation and disclosed to others.

The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in paragraph 11 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

/ / /

/ / /

---

1

**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS**
Case No. C 08-1629 SI

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED as follows by and between the parties hereto through their undersigned counsel:

The following definitions and provisions shall apply to and govern this Stipulation and Protective Order:

1. "Confidential" information as used herein shall mean any document designated and marked "Confidential" by the party producing such documents provided that the information qualifies for protection under standards developed under F.R.Civ. P. 26(c).

    (a) Each party or non-party that designates information or items as "Confidential" must take care to limit any such designation to specific material that qualifies under the appropriate standards.

    (b) It is not necessary to challenge the propriety of a "Confidential" information designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such a designation. In the event that counsel objects at any stage of this litigation to the propriety of a designation by a party of any information as "Confidential" information, the parties shall first try to resolve such dispute in good faith on an informal basis. The party disputing confidentiality shall notify the party claiming confidentiality of its objections to that designation. The Producing Party shall then have five days to respond to said objections. If the parties are still unable to resolve the dispute, the matter shall be submitted to the Court by filing and serving a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Until the matter is heard and

1  decided by the Court, any documents designated "Confidential" shall remain subject to the
2  restrictions of this Protective Order.

3

4     (c) If a dispute occurs over the designation, both parties agree not to
5  disclose the information except in accordance with this Protective Order until the Court rules
6  on the "Confidential" status of the information.

7

8     (d) All "Confidential" information provided or produced in this action shall
9  be used solely for purposes related to this civil action entitled *LARRY LUCHETTI v. THE*
10 *HERSHEY COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive,*
11 pending in United States District Court, Northern District of California, Case No. C 08-1629
12 SI, except by further order of the Court.

13

14    (e) Neither copies of "Confidential" documents or things, or any portions
15 thereof, nor any quotation, paraphrase or other description which conveys the "Confidential"
16 documents shall be disclosed by Receiving Party to any person or used for any other
17 purpose, except in accordance with the terms of this Protective Order or by further order of
18 the Court.

19

20   2. "Producing Party" shall mean the party producing and designating the
21 information as "Confidential."

22

23   3. "Receiving Party" shall mean the party receiving the information designated
24 "Confidential."

25

26   4. "Qualified Persons" as used herein shall mean persons who are:

27

28

---
3
**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS**
**Case No. C 08-1629 SI**

(a) The undersigned counsel and their employees, including without limitation, paralegals, secretaries, and clerical staff.

(b) Experts, independent contractors, consultants, or advisors (including, but not limited to neutrals assisting in any Alternative Dispute Resolution process) or who are employed or retained by or on behalf of the undersigned counsel or appointed by the Court to assist in analyzing the documents or information examined, provided that they sign an acknowledgement in the form of "Exhibit A" to this Order before reviewing any Confidential information.

(c) Stenographic reporters, videographers and/or tape transcribers who are involved in depositions or any hearings or proceedings before the Court in this case, or any adversarial proceeding arising in this case.

(d) Defendant and its employees.

(e) Plaintiff.

5. "Confidential" information subject to this Protective Order may be used in the deposition of the parties. Counsel for the Producing Party may request that examination of the parties on "Confidential" information be separately transcribed and sealed in accordance with the mutual agreement of the parties.

6. "Confidential" information subject to this Protective Order may be used in the preparation for and the deposition of non-party witnesses; non-party witnesses are Qualified Persons if the provisions of this paragraph are met:

4
**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS**
**Case No. C 08-1629 SI**

(a) If the non-party witness is voluntarily produced for the deposition by the Producing Party of the "Confidential" information, the Producing Party is responsible for obtaining the witness's signature on the form Exhibit A to this Order.

(b) If the non-party witness is voluntarily produced for the deposition by the Receiving Party of the "Confidential" information, the Receiving Party is responsible for obtaining the witness's signature on the form Exhibit A to this Order.

(c) If the non-party witness is subpoenaed for his/her deposition by either party and the Receiving Party intends to disclose "Confidential" information to the witness prior to the taking of the deposition, the Receiving Party is responsible for obtaining the witness's signature on the form Exhibit A to this Order and providing the Producing Party with the copy of that form at the time of the deposition. Otherwise, the party who has subpoenaed the witness is responsible for obtaining the witness's signature on the form Exhibit A at the time of the deposition.

(d) If the non-party witness does not agree to sign the form Exhibit A, the non-party may be shown the court reporter's or counsel's copy of the "Confidential" information for purpose of questioning only. The non-party witness will not be permitted to take possession of a copy of any of the "Confidential" information.

(e) Objections to disclosure of "Confidential" information to a non-party witness shall be made promptly upon receipt of a notice of taking of deposition. The parties shall meet and confer to resolve the dispute prior to the commencement of the deposition. The objecting party shall seek an order from the Court if the dispute is not resolved and the deposition shall be held in abeyance pending the Court's ruling. The Receiving Party agrees not to disclose the "Confidential" information until after the dispute is resolved.

(f) Counsel for either party may request that the deposition testimony be separately transcribed and sealed during the examination of "Confidential" information.

7. Any deposition or production of documents that will or might reasonably include disclosure of "Confidential" information shall be attended only by those persons entitled to receive "Confidential" information under this Protective Order. "Confidential" information shall not be disclosed to a deposition witness except in conformity with this Protective Order. Information not previously designated as "Confidential" that is disclosed at a deposition or production of documents may be designated by any party as "Confidential" information by indicating on the record at the deposition or the production of documents that the testimony or information is "Confidential" and subject to the provisions of this Protective Order.

8. "Confidential" information shall not be disclosed or made available by the Receiving Party to persons other than Qualified Persons without further order of the Court except as otherwise provided in this paragraph. Disclosure of any "Confidential" information to any Qualified Person shall not constitute a waiver of the confidential status of such "Confidential" information. Before disclosing any information designated "Confidential" to anyone other than Qualified Persons, the Receiving Party must serve prior notice of the identity of that person and the information to be disclosed on the Producing Party, as provided by this Order.

9. Where notice is required prior to disclosure of "Confidential" information (as described in the preceding paragraph), the disclosing party shall provide three (3) days' advance notice, in addition to statutory notice requirements, to allow objection by the Producing Party. If objection is made, the parties shall meet and confer, and if unable to resolve the dispute, the Producing Party may submit the dispute to the Court for resolution.

6

**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS**
**Case No. C 08-1629 SI**

When an objection is made, no disclosure is permitted until the dispute is resolved or by the Court's order.

10. Documents and things produced by a party pursuant to pretrial discovery may be designated by any party or parties as "Confidential" information by marking each page: "CONFIDENTIAL." In lieu of marking the original, if the original is not produced, the designating party may mark the copies that are produced to exchange. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Producing Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

11. All transcripts, depositions, exhibits, answers to interrogatories, and other documents and things filed with the Court, which contain "Confidential" information as defined above, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed only with the agreement of the Producing Party or under seal, pursuant to Civil Local Rule 79-5.

12. If any party objects to disclosure of "Confidential" information to be made during the course of the trial of this matter, that party shall make a good faith effort to resolve the issue by meeting and conferring on the terms of disclosure, and if the parties are unable to agree, the matter shall be submitted to the Court for resolution.

13. Upon final termination of this civil action entitled, *LARRY LUCHETTI v. THE HERSHEY COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive,*

1 pending in United States District Court, Northern District of California, Case No. C 08-1629
2 SI, by closure or otherwise, originals and copies of all materials and documents, in whatever
3 form, constituting or including "Confidential" information shall be returned to the Producing
4 Party upon notice and request of the Producing Party.  With permission in writing from the
5 Producing Party, the Receiving Party may destroy some or all of the "Confidential"
6 information instead of returning it.

8     14.    The undersigned counsel shall have the duty to use reasonable care and
9 precautions to ensure that any person under their control or the control of their client who is
10 designated as a Qualified Person observes the terms of this Protective Order.

12     15.    The restrictions set forth in any of the preceding paragraphs shall not apply to
13 information that (a) was, is, or becomes public knowledge in a manner not in violation of this
14 Order, or (b) was, or is, acquired in good faith from a third party, not a party to this litigation,
15 having the right to disclose such information, or (c) was, or is, discovered independently by
16 the Receiving Party.

18     16.    Sanctions may be imposed on any individual granted access to "Confidential"
19 information under this Order who uses such "Confidential" information for any purpose other
20 than in connection with this action or in any manner which otherwise violates the terms of
21 this Order.

23     17.    "Confidential" information that is proprietary in nature and such disclosure
24 could subject the Producing Party to a potential loss of business advantage shall not be
25 disclosed to any person or entity that is in business competition with the Producing Party
26 except by the Court's Order, including those persons who meet the definition of a Qualified
27 Person.

18. All parties who subsequently appear in this case will be subject to this Order.

**IT IS SO STIPULATED.**

Dated: February 12, 2009                    MILLER LAW GROUP
                                            A Professional Corporation


                                            By:_____/S/_____
                                               Lisa C. Hamasaki
                                               Attorneys for Defendant
                                               THE HERSHEY COMPANY

Dated: February 12, 2009                    DANIEL ROBERT BARTLEY LAW OFFICES


                                            By:_____/S/_____
                                               Daniel Robert Bartley
                                               Attorneys for Plaintiff
                                               LARRY LUCHETTI


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____        _____
                                        The Honorable Susan Illston
                                        UNITED STATES DISTRICT JUDGE

---

9
**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS**
Case No. C 08-1629 SI

# EXHIBIT A
## ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT
## REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he/she has read the Protective Order regarding confidentiality entered in this civil action entitled *LARRY LUCHETTI v. THE HERSHEY COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive,* pending in United States District Court, Northern District of California, Case No. C 08-1629 SI, that he/she understands the terms thereof, that he/she has been designated by _____ as a "Qualified Person" thereunder, and that he/she individually and on behalf of _____, and on behalf of the party who designated him/her as a "Qualified Person", agrees to be bound by such Protective Order, and that he/she acknowledges the jurisdiction of the Court and agrees to be bound by the jurisdiction of the Court.

DATED: _____, 200\_\_\_.

_____
(signature)

_____
(print name)

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA