Daniel Robert Bartley, SBN 79586
Daniel Robert Bartley Law Offices
Mail:  P.O.  Box 686, Novato, CA 94948-0686
St:  7665 Redwood Bvd, Ste 200, Novato, CA 94945-1405
Tel 415 898 4741 • Fax 415 898 4841
E-mail danielbartleylaw@aol.com

Attorney for Plaintiff Larry Luchetti

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LUCHETTI, | Case No. CV 08 1629 SI |
| Plaintiff, | **FIRST AMENDED COMPLAINT, WITH DEMAND FOR JURY TRIAL** |
| v. | |
| THE HERSHEY COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive, | Causes of Action: |
| | 1. Wrongful Termination in Violation of Public Policy Prescribed by California Labor Code § 1102.5 (the California Whistleblower Law) |
| Defendants. | |
| | 2. Common Law Wrongful Termination in Violation of Public Policy |

Plaintiff Larry Luchetti ("Luchetti"), an individual, alleges as follows:

**Nature of Complaint**

1. This is an action by Larry Luchetti related to claims arising from Plaintiff Luchetti's discharge from his employment position at The Hershey Corporation.

2. This Complaint asserts two causes of action:

   No. 1:  Wrongful Termination in Violation of Public Policy Prescribed by

   California Labor Code § 1102.5 (the California Whistleblower Law)

   No. 2:  Common Law Wrongful Termination in Violation of Public Policy

**Venue**

3. This court is a proper venue because Defendant had its place of business where Plaintiff last worked in Berkeley, Alameda County, California, within the jurisdiction of this court.

**Parties**

4. Plaintiff is a United States citizen, residing at Mill Valley, California. Plaintiff is 61 years of age.

5. Defendant The Hershey Company, is a corporation incorporated in the state of Delaware. Its headquarters offices are located at Hershey 100 Crystal Drive, Hershey, PA 17033-0810. On information and belief, The Hershey Company also does business as Hershey Foods Corporation.

6. Relative to all counts, Plaintiff sues fictitious Defendants Does 1 through 100, inclusive, because their names, and/or capacities, and/or facts showing them liable are not known presently. Plaintiff will amend his Complaint when the true names and capacities have been ascertained. Plaintiff is informed and believes, and on such grounds alleges, that each DOE Defendant is responsible in some actionable manner for the events, occurrences, injuries, and damages alleged herein.

7. The terms "Defendants" will refer collectively to the aforesaid Defendants acting by and through their managerial employees, and each of them.

8. Managerial employees of the Defendants, in doing the acts and things described in this complaint, were acting within the course and scope of their respective agencies and/or employment with the Defendants, and each of them, with the knowledge and consent of the Defendants, and each of them, unless otherwise indicated.

9. Unless otherwise indicated, each Defendant is sued as the agent and employee of every other Defendant acting within the course and scope of said agency, and/or employment, and with the knowledge and consent of ever other Defendant.  Further, each Defendant agreed and conspired with the other Defendants, to injure Plaintiff Luchetti and the general public, and each co-conspirator committed the acts alleged herein in furtherance of their conspiracy.

**General Allegations Common to All Causes of Action**

10. Plaintiff Larry Luchetti first was employed as a Production Supervisor at Defendant's plant in San Francisco, and then was moved to Defendant's Berkeley operations.  His employment was terminated on Friday, May 11, 2007.  Mr. Luchetti's base salary at the time of his employment termination was $69,000 annually.

11. Mr. Luchetti discharge occurred shortly after he had consistently complained to Defendant's management about a machinery safety problem, exposing Defendant's employees to risk of loss of fingers, hands, or more.  After Plaintiff stood steadfast in his insistence that such safety problem be addressed, he was accused of not being a team player, he was never given proper managerial authority, and he was subjected to unwarranted scrutiny and criticism in an effort to find pretext to support terminating his employment.

12. The conditions that Plaintiff disagreed with, and sought to correct, at Defendant's Berkeley plant, were in violation of Section 4002(a), Title 8, California Code of Regulations, the CAL-OSHA regulation that requires guarding on all machines or parts of machines which "create hazardous revolving, reciprocating, running, shearing, punching, pressing, squeezing, drawing, cutting, rolling, mixing or similar action, including pinch points and sheer points, not guarded by the frame of the machine or by location".

13.  The conditions that Plaintiff disagreed with, and sought to correct, at Defendant's Berkeley plant, were in violation of Section 3314, Title 8, California Code of Regulations, the CAL-OSHA regulation that requires machinery lockout/tagout procedures when performing maintenance or servicing, such as cleaning the equipment or removing a jammed object; such regulation requires that machinery be stopped and the power source de-energized or disengaged, and, if necessary; that the movable parts must be mechanically blocked or locked out to prevent movement during the work; that a written energy control procedure must be developed and utilized; and that employees must receive training on the procedures and the employer must perform periodic inspections to make sure the procedures are utilized.

14.  California Labor Code § 6310(b) prohibits discharging, threatening with discharge, demoting, suspending, or in any other manner discriminating against (in terms and conditions of employment), because the employee has made a bona fide oral or written complaint to the employer about unsafe working conditions, or work practices.  Such entitles one to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

15.  On Monday, May 14, 2007, the next business day after Plaintiff's employment termination, Plaintiff reported the subject safety issue to CAL-OSHA.

**<u>First</u> Cause of Action:  Wrongful Termination in Violation of the Public Policy Prescribed by California Labor Code § 1102.5 (the California Whistleblower Law) Against Defendants The Hershey Company and Does 1-100**

16.  The allegations of paragraphs 1 through 15, inclusive, are fully incorporated herein by this reference, the same as if completely set forth herein.

17.  The above-described conduct of Defendant toward Plaintiff constituted a violation of California Labor Code § 1102.5, subsection (c) (the California Whistleblower Law), which reads:

First Amended Complaint — *Luchetti v. The Hershey Company* — ND Cal. Case No. CV 08 1629 SI         4

"An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."  The activity of Defendant, permitting employees to insert their fingers, hands, and arms into moving machinery having unguarded pinch points that could severely injure or sever such appendages, was in violation of applicable CAL-OSHA safety rules and regulations.  Plaintiff refused to accept this status quo and urged management to install required machine guards, to impose the required "lockout/tagout" safety practice (requiring shutdown of machinery before insertion of appendages), and to permit imposition of progressive discipline upon any employees inserting appendages into the machinery without first shutting it off.  Defendant, however, failed and refused to authorize any one of these three measures urged by Plaintiff.  Plaintiff's supervisor, Tom Soles, responded to Plaintiff that it is common practice at Hershey to permit employees to change molds on moving machinery, insert hands into moving conveyor chains, and clean pistons moving back and forth with pinch points.

    18.  As a direct and proximate result of Defendant's aforesaid conduct in violation of California Labor Code §1102.5, subsection (c), Plaintiff has suffered, continues to suffer, and will continue to suffer for years in the future, substantial losses in income that he would not have suffered had Defendant not engaged in such conduct.  These losses have included, but are not limited to, past and future compensation, salary increases, promotions, severance pay, fringe benefits, and lost opportunities essential for advancement of Plaintiff's career.

    19.  In addition, as a direct and proximate result of Defendant's aforesaid conduct in violation of California Labor Code § 1102.5, subsection (c), Plaintiff has incurred, and continues to incur, emotional and physical sickness, injuries and distress, anguish, embarrassment,

\\\

humiliation, and mortification, and injury to reputation, in an amount not yet ascertained but within the minimum jurisdiction of this Court.

20. Defendant's conduct in violation of California Labor Code § 1102.5, subsection (c) was calculated to damage Plaintiff's career and to further Defendant's practice and policy of malignant neglect relative to machinery pinch-point dangers, was so patently outrageous as to offend ordinary human sensibilities, and was carried out by such Defendant knowingly, willfully, maliciously, recklessly, and oppressively, with intent to vex, injure, annoy, humiliate, and embarrass Plaintiff, and with conscious disregard for all Plaintiff's rights.  As an illustration of this being a pattern of wilful conduct by Defendant, only a few weeks prior to Defendant's firing of Plaintiff, Defendant had been cited and heavily fined by CAL-OSHA for serious and wilful safety violations that led to an employee's arm being severed at one of Defendant's California plants.  (Defendant was charged with one felony count of wilfully violating CAL-OSHA regulations concerning lockout/tagout of dangerous machinery.  Employee Erica Domen, at Defendant's Oakdale, California, plant, had her left arm amputated by a machine which was not locked out and tagged out, and, so, when another employee turned the machine on while she was working on it, she suffered her catastrophic injury.)  By reason of such pattern of wilful and reckless conduct directed by Defendant toward all employees, including, Plaintiff, Plaintiff is entitled to recover punitive damages from Defendant, in an amount according to proof.

### Second Cause of Action:  Wrongful Termination in Violation of the Public Policy Against Defendants The Hershey Company and Does 1-100

21. The allegations of paragraphs 1 through 15, inclusive, are fully incorporated herein by this reference, the same as if completely set forth herein.

22. The above-described conduct of Defendant toward Plaintiff constituted common law wrongful termination in violation of public policy, including, but not limited to:

(a) The public policy enunciated in applicable CAL-OSHA safety regulations regarding appropriate safety measures to protect employees against pinch-points in moving machinery: (i) Section 4002(a), Title 8, California Code of Regulations, requires guarding on all machines or parts of machines which "create hazardous revolving, reciprocating, running, shearing, punching, pressing, squeezing, drawing, cutting, rolling, mixing or similar action, including pinch points and sheer points, not guarded by the frame of the machine or by location"; (ii) Section 3314 requires lockout/tagout of machinery when performing maintenance or servicing, such as cleaning the equipment or removing a jammed object (requires that machinery be stopped and the power source de-energized or disengaged, and, if necessary, the movable parts must be mechanically blocked or locked out to prevent movement during the work; a written energy control procedure must be developed and utilized; employees must receive training on the procedures and the employer must perform periodic inspections to make sure the procedures are utilized).

(b) The public policy set forth in California Labor Code § 6310, subsection (b), prohibiting discharging, threatening with discharge, demoting, suspending, or in any other manner discriminating against (in the terms and conditions of employment), because the employee has made a bona fide oral or written complaint to the employer about unsafe working conditions, or work practices, and entitling any such employee to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

23. As a direct and proximate result of Defendant's aforesaid conduct, Plaintiff has suffered, continues to suffer, and will continue to suffer for years in the future, substantial losses

in income that he would not have suffered had Defendant not engaged in such conduct. These losses have included, but are not limited to, past and future compensation, salary increases, promotions, severance pay, fringe benefits, and lost opportunities essential for advancement of Plaintiff's career.

24. In addition, as a direct and proximate result of Defendant's aforesaid conduct in violation of public policy, Plaintiff has incurred, and continues to incur, emotional and physical sickness, injuries and distress, anguish, embarrassment, humiliation, and mortification, and injury to reputation, in an amount not yet ascertained but within the minimum jurisdiction of this Court.

25. Defendant's aforesaid conduct was calculated to damage Plaintiff's career and to further Defendant's practice and policy of malignant neglect relative to machinery pinch-point dangers, was so patently outrageous as to offend ordinary human sensibilities, and was carried out by such Defendant knowingly, willfully, maliciously, recklessly, and oppressively, with intent to vex, injure, annoy, humiliate, and embarrass Plaintiff, and with conscious disregard for all Plaintiff's rights. As an illustration of this being a pattern of wilful conduct by Defendant, only a few weeks prior to Defendant's firing of Plaintiff, Defendant had been cited and heavily fined by CAL-OSHA for serious and wilful safety violations that led to an employee's arm being severed at one of Defendant's California plants. (Defendant was charged with one felony count of wilfully violating CAL-OSHA regulations concerning lockout/tagout of dangerous machinery. Employee Erica Domen, at Defendant's Oakdale, California, plant, had her left arm amputated by a machine which was not locked out and tagged out, and, so, when another employee turned the machine on while she was working on it, she suffered her catastrophic injury.) By reason of such pattern of wilful and reckless conduct directed by Defendant toward all employees, including,

\\\

First Amended Complaint — *Luchetti v. The Hershey Company* — ND Cal. Case No. CV 08 1629 SI    8

Plaintiff, Plaintiff is entitled to recover punitive damages from Defendant, in an amount according to proof.

**Prayer for Relief**

Plaintiff requests the following relief:

1. Compensatory damages consistent with proof;

2. The greater of statutory penalties or punitive damages;

3. Court costs;

4. Prejudgment interest;

5. Attorneys' fees according to any provision of law;

6. Trial by jury;

8. Such other and further relief as may be just and proper.


Dated:  January 12, 2009

                                                        s/
_____
 DANIEL ROBERT BARTLEY
 ATTORNEY FOR PLAINTIFF LARRY LUCHETTI

**PROOF OF SERVICE**

The undersigned declares he/she is employed in the county of Marin, State of California, by Daniel Robert Bartley Law Offices, P.O. Box 686, Novato, CA, 94948-0686. I am over the age of 18 and not a party to this action.

On today's date, I served, via e-mail, a true and correct copy of **"FIRST AMENDED COMPLAINT, WITH DEMAND FOR JURY TRIAL.**

Such was served upon defense counsel as follows:
Michele Ballard Miller, Esq. and Lisa C. Hamasaki, Esq.
MILLER LAW GROUP
111 Sutter Street, Suite 700
San Francisco, CA 94104-4545
Tel  415 464-4300
Fax 415 464-4336
Email mbm@MillerLawGroup.com and lch@MillerLawGroup.com

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on this 4th day of March 2009, at Novato, Marin County, California.

s/
_____
 DANIEL ROBERT BARTLEY